OPINION
{¶ 1} Jeffrey Bass, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the trial court found appellant guilty of two counts of non-support of dependents, which are violations of R.C. 2919.21
and fifth-degree felonies. The State of Ohio, plaintiff-appellee, has also filed a motion to dismiss based upon the "fugitive disentitlement doctrine," as a result of appellant absconding from the jurisdiction of the court.
 {¶ 2} Appellant is the father of a minor child born on July 30, 1994. On February 14, 1996, appellant was ordered by the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, to pay child support of $149.70 per month, plus poundage, and an additional $43.33 per month, plus poundage, to liquidate the child support arrearage. On March 14, 2002, appellant was indicted on two counts of non-support of dependents relating to the February 14, 1996 order. The indictments alleged that appellant had failed to pay child support from February 11, 1998 through February 12, 2002.
 {¶ 3} Although appellant was, at first, represented by appointed counsel, he opted to proceed pro se. On January 30, 2003, a hearing was held, at which time the trial court assigned another attorney, Scott Weisman, to assist appellant in representing himself. A second hearing was held, at which time Weisman requested a competency review of appellant before allowing him to proceed pro se. No competency hearing was held. On July 21, 2003, a bench trial commenced with appellant acting pro se. On July 23, 2003, the court found appellant guilty on both counts of non-support of dependents. On September 12, 2003, the court sentenced appellant to five years of community control. Appellant appeals the judgment of the trial court, asserting the following two assignments of error:
ASSIGNMENT OF ERROR NO. 1:
The appellant was denied his right to due process when the trial court did not order a competency hearing prior to trial under the fourteenth amendments [SIC] to the united states constitution and article 1, section 10 of the ohio constitution.
ASSIGNMENT OF ERROR NO. 2:
The appellant was denied his right to due process when the trial court did not require the state to show appellant received notice of the underlying domestic relations order in violation of the fourteenth amendments [sic] To the united states constitution and article 1, section 10 of the ohio constitution.
 {¶ 4} Appellant argues in his first assignment of error that the trial court denied him due process when it did not order a competency hearing prior to trial. Consistent with the notion of fundamental fairness and due process, a criminal defendant who is not competent may not be tried and convicted. Pate v. Robinson
(1966), 383 U.S. 375, 86 S.Ct. 836; State v. Braden,98 Ohio St.3d 354, 2003-Ohio-1325, citing State v. Berry (1995),72 Ohio St.3d 354. The Fourteenth Amendment's test for competency to stand trial is whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational, as well as a factual, understanding of the proceedings against him. In reWilliams (1997), 116 Ohio App.3d 237, 241-242, quoting Dusky v.United States (1960), 362 U.S. 402, 80 S.Ct. 788. Under Ohio's codification of this standard, a defendant is presumed to be competent unless it is demonstrated by a preponderance of the evidence that he is incapable of understanding the nature and objective of the proceedings against him or of presently assisting in his defense. Williams, at 241-242; R.C.2945.37(G). As noted by the Ohio Supreme Court, a person may have a mental disability or be psychotic and still be capable of understanding the proceedings against him or her and may be able to assist in his or her defense. State v. Bock (1986),28 Ohio St.3d 108, 110.
 {¶ 5} R.C. 2945.37 protects a criminal defendant's right not to be tried or convicted while incompetent. R.C. 2945.37(B) provides:
In a criminal action in a court of common pleas, a county court, or a municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section. If the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only for good cause shown or on the court's own motion.
 {¶ 6} On October 21, 2002, the date originally set for trial, appellant was present with appointed counsel. Appellant requested that the appointed attorney be dismissed and that he be permitted to proceed pro se. At no time did appellant's appointed counsel raise any issue of competency before she was dismissed. Later during that same hearing, the prosecutor stated:
[Prosecutor:] * * * [A]nother thing that I'm really not sure about, but [the appointed attorney] had indicated to me earlier was she indicated to me she had two concerns in this case. She was not sure if there was possibly a competency problem or if [appellant] truly did want to represent himself and was not interested in having her services. Now that I've spoke to him I also have —
* * *
[Prosecutor:] Your Honor, after speaking to him, I also share some of the competency concerns that [the appointed attorney] had expressed to me. * * *
After the trial court appointed advisory counsel for appellant, his advisory counsel stated to the court:
[Advisory counsel:] * * * I feel compelled to ask this Court to order competency at this time. More so for this Court to see if he was even capable mentally to represent himself based on his perceptions of the proceedings and what's been happening. For that reason, Your Honor, I would ask the Court to order competency and to review before [appellant] is permitted to proceed on his own to represent himself.
Although it is questionable whether advisory counsel had standing to raise the issue of competency, as he was not one of the enumerated entities permitted by R.C. 2945.37 to raise such, we will assume, arguendo, that the prosecutor's comments were sufficient to "raise the issue of the defendant's competence to stand trial" under R.C. 2945.37. There is no apparent requirement for a formal motion, either oral or written, but merely that the issue be "raised." Thus, assuming the issue was sufficiently raised as to invoke the provisions of R.C. 2945.37(B), the question becomes whether the trial court was required to hold a competency hearing.
 {¶ 7} R.C. 2945.37 provides that, if the issue of competency is raised before the trial has commenced, the court "shall" hold a hearing on the issue as provided in this section. The trial court did not hold a competency hearing in the present case; however, "any error by the trial court in not conducting a hearing was harmless, since the record fails to reveal sufficient indicia of incompetency." State v. Eley (1996),77 Ohio St.3d 174, 184; see, also, Pate, supra; Bock, paragraph one of the syllabus; State v. Bekesz (1991), 75 Ohio App.3d 436, 441. The inquiry of whether the disallowance of a competency hearing is reversible error must be approached on a case-by-case basis.Bock, supra, at 109.
 {¶ 8} In the present case, we find that the record does not contain sufficient indicia of incompetence to suggest that appellant was unable to understand the nature of the proceedings against him or assist in his defense. The record contains evidence from the pre-trial hearings, as well as the trial, affirmatively demonstrating that appellant was competent to stand trial. During the pre-trial hearings, appellant answered the court's questions appropriately. See State v. McGrath, Meigs App. No. 02CA7, 2003-Ohio-1811, at ¶ 14 (answering court's questions appropriately is indicative of competence). Appellant's arguments were also generally coherent, consistent, and reasonably articulate, although sometimes passionate and verbose. In addition, appellant's repeated and insistent protestations relating to service of the underlying child support order were understandable, given he adamantly maintained he had never been served with the support order and had no idea he had ever been ordered to pay support. Further, appellant indicated at a pre-trial hearing that he had graduated high school, attended the University of Cincinnati, and was a "property contractor." He also stated that he was offended by having his competency questioned and that the prosecutor's pre-trial plea offers were simply not agreeable to him. He raised reasonable objections to certain matters during the pre-trial hearings and correctly pointed out misstatements made by the prosecution. Appellant told the court he understood its concern with his representing himself; however, he felt more comfortable defending himself rather than having an appointed or advisory counsel. Appellant also told the trial court he understood that the court would not let him talk about irrelevant matters, and he said he would try his best to stay within the rules of the court during trial. Advisory counsel admitted during a pre-trial hearing that appellant had "obvious intelligence" and a "clear conviction." Further, appellant's failure to meet with his advisory counsel, his failure to heed his advisory counsel's advice, and his hanging up during a telephone conversation with his advisory counsel were more likely indicative of appellant's position that he did not want advisory counsel rather than indicative of his incompetency.
 {¶ 9} As for appellant's actions at trial, appellant questioned witnesses reasonably and without incident, although he did stray into irrelevant matters at times, as pro se litigants commonly do. See State v. Bomar (Oct. 23, 2000), Scioto App. No. 00 CA 2703 (artful direct examination indicative of competence). Further, appellant engaged in reasoned discussions with the trial court and expressed no confusion or uncertainty during trial. See State v. Thompson (May 3, 2001), Franklin App. No. 00AP-608 (engaging in reasoned discussions with no apparent confusion or uncertainty is indicative of competency). There was also no evidence of irrational behavior, and appellant did not appear to be agitated or argumentative. See State v.Draughn (1992), 76 Ohio App.3d 664, 669 (court should consider any evidence of irrational behavior and the defendant's demeanor at trial in determining competency). Appellant's competency was also never raised during the course of trial. See Bock, supra, at 111 (after the original motion for a competency hearing, defense counsel never mentioned the defendant's competency until appeal). Further, appellant offered his own testimony in defense and was subjected to cross-examination. See id., paragraph one of the syllabus (no evidence of incompetency when defendant offered own testimony in defense and was subjected to cross-examination).
 {¶ 10} In sum, the record of the pre-trial hearings and the trial reflects that appellant participated in and understood the nature of the proceedings. See Thompson, supra (participation in and comprehension of the nature of the proceedings is indicative of competency). We find that the record in this case does not contain sufficient evidence of incompetence to render the court's failure to hold a hearing anything more than harmless error. Therefore, we overrule appellant's first assignment of error.
 {¶ 11} Appellant argues in his second assignment of error that the trial court denied him due process when it did not require the state to demonstrate appellant received notice of the underlying domestic relations order. Even assuming, arguendo, that R.C. 2919.21 requires the state to prove appellant had notice of the underlying domestic relations order as an element of the offense, there was sufficient evidence of such presented at trial. Copies of two returns of personal service of summons were presented at trial showing appellant was personally served with various domestic court pleadings, via process server, in October and November 1995. The state also submitted at trial a judgment entry from the domestic court adopting a magistrate's decision, in which the magistrate found appellant had been personally served with notice of the child support action. Given the return of process submitted as evidence, as well as the judgment from the domestic court, there was sufficient evidence that appellant was served with, and had notice of, the underlying support order. Therefore, appellant's second assignment of error is overruled. Further, as we have overruled appellant's two assignments of error, the state's motion to dismiss based upon the "fugitive disentitlement doctrine" is moot.
 {¶ 12} Accordingly, appellant's two assignments of error are overruled, the state's motion to dismiss is moot, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Klatt and Watson, JJ., concur.