{¶ 33} I concur with the opinion of the majority, however, I write separately because I disagree with the majority's analysis of the first assignment of error and to express concern regarding the trial court's procedure in deciding to shackle appellant in this case.
 {¶ 34} In Deck v. Missouri (2005), 544 U.S. 622, 125 S.Ct. 2007, the Supreme Court of the United States recognized a due process interest in the use of visible shackles during the guilt phase of a trial. Id. at 629. The court reiterated its holding in Holbrook v. Flynn (1986),475 U.S. 560, 106 S.Ct. 1340, that shackling is "inherently prejudicial" and reasoned that: 1) "visible shackling undermines the presumption of innocence and the related fairness of the factfinding process;" 2) "It suggests to the jury that the justice system itself sees a `need to separate a defendant from the community at large;'" 3) "shackles can interfere with the accused's `ability to communicate' with his lawyer;" and 4) "judges must seek to maintain a judicial process that is a dignified process. * * * The courtroom's formal dignity, which includes the respectful treatment of defendants, reflects the importance of the matter at issue, guilt or innocence, and the gravity with which Americans consider any deprivation of an individual's liberty through criminal punishment." Id. at 630-631.
 {¶ 35} The majority in this case primarily relies upon State v.Franklin, 97 Ohio St.3d 1, *Page 9 2002-Ohio-5304, a case which predates the Deck decision. The majority cites Franklin for the proposition that, although preferred, a trial court is not required to hold a hearing prior to restraining a defendant at any phase of trial. Id. at ¶ 82. The Franklin court noted there was no hearing, record, or transcript stating the court's reasons for handcuffing the defendant; however, the court found no plain error because evidence in the record showed the defendant "demonstrated a propensity for violence." Id. at ¶ 78, 80 and 82.
 {¶ 36} Although the United States Supreme Court supplied little guidance in Deck regarding the extent of what is necessary to satisfy due process concerns or the exact form of a hearing to determine whether physical restraint is necessary, Deck clearly prescribes a more substantive determination than Franklin. Specifically, in Deck, the court stated, "the Fourth and Fifteenth Amendments prohibit the use of physical restraints visible to the jury absent a trial court determination, in the exercise of its discretion, that they are justified by a state interest specific to a particular trial."Deck at 629. "[A]ny such determination must be case specific; that is to say, it should reflect particular concerns, say, special security needs or escape risks, related to the defendant on trial."
 {¶ 37} In Deck, the Supreme Court admonished the trial court for failing to indicate any formal or informal findings on the record. Id. at 634. "The judge did not refer to a risk of escape * * * or a threat to courtroom security. Rather, he gave as his reason for imposing the shackles the fact that Deck already `has been convicted.'" Id. "Thus, where a court, without adequate justification, orders the defendant to wear shackles that will be seen by the jury, the defendant need not demonstrate actual prejudice to make out a due process violation." Id.
 {¶ 38} Since the use of visible shackles implicates the due process clause and "the physical indicia of innocence [is] so essential to a fair trial * * *, except in cases where the trial process is disrupted in the court's presence, a formal hearing should be conducted."United *Page 10 States v. Miller (C.A.6, 2008), 531 F.3d 340, 345. "In this way factual disputes may be resolved and a meaningful record preserved for an appeal or for collateral relief." Id.
 {¶ 39} Here, the majority found that "the trial court did not conduct a hearing prior to ordering that appellant remain shackled during the trial." I disagree.
 {¶ 40} Although slight, the trial court in this case did conduct a hearing regarding appellant's shackling. Before trial, outside of the presence of the jury, the court addressed appellant, "We're going to address the issue of — since you're going to remain in jail garb, the issue of you remaining shackled and chained, Mr. Wells — you've been convicted of numerous serious charges and you're facing a lengthy sentence in the Federal system, is that right?"
 {¶ 41} "DEFENDANT WELLS: Yes, sir.
 {¶ 42} "THE COURT: Do you know what that sentence is going to be yet?
 {¶ 43} "DEFENDANT WELLS: Yes, sir. Thirty-three years, something around there."
 {¶ 44} As the majority stated in the opinion, appellant then began to argue for a continuance; persistently interrupting the court and questioning its judgment. The court then indicated the reasons appellant would remain in shackles, "Since you're agitated, obviously you're going to stay in shackles and chains. You have little or no incentive to cooperate. Because of your facing a lengthy prison sentence, you've already had a record of offenses of violence. These offenses are of violence and I am not going to take the risk of safety of the attorneys, the witnesses or anyone else. You're going to say in custody just the way you are[.]"
 {¶ 45} Although minimal, the trial court conducted a hearing, addressing the shackling of appellant and, as the majority held, articulated his reasons for the use of restraints. Merely facing significant prison time, though, is not sufficient to justify the use of physical restraints. *Page 11 Miller at 346. If the length of a potential sentence was an adequate basis to justify the use of physical restraints, the implementation of restraints would essentially become routine in many felony cases. Id.
 {¶ 46} The trial court in this case also found the existence of a potential security risk to others in the courtroom and that appellant was continually agitated. The trial court is in the best position to consider the prisoner's actions both inside and outside the courtroom, as well as his demeanor while court is in session. State v. Murphy, 173 Ohio App.3d 221, 2007-Ohio-4535, ¶ 24. Accordingly, the decision to impose such a restraint is left to the sound discretion of the trial court. Deck at 629.
 {¶ 47} When a trial court seeks to visibly restrain a defendant for trial, due process requires the court to conduct a hearing and articulate on the record the reasons for the restraints. The preferred procedure is to conduct a formal hearing with sworn testimony.Miller at 345. In this case, although the trial court failed to conduct a formal hearing, the trial court's proceeding was sufficient to satisfy due process concerns.
 {¶ 48} Moreover, the trial court could have removed any prejudice by giving a curative instruction to the jury about the shackles. State v.McKnight, 107 Ohio St.3d 101, 2005-Ohio-6046, ¶ 220. See, also,United States v. Van Sach (C.A.7, 2006), 458 F.3d 694, 700. No curative instruction was given by the court in this case. Additionally, appellant's counsel failed to object to the jury instructions or request a curative instruction. I believe appellant's trial counsel erred by failing to request a curative instruction, but appellant did not raise this issue in his ineffective assistance argument under his second assignment of error. It is therefore waived. State v. Smith,89 Ohio St.3d 323, 327, 2000-Ohio-166.
 {¶ 49} Based on the foregoing, I concur with the majority in overruling appellant's first assignment of error. *Page 1