**STATE, Plaintiff-Appellee, v COLLEY, Defendant-Appellant**

Ohio Appeals, Second District, Montgomery County.

No. 1762.   Decided January 24, 1946.

Matthias H. Heck, Prosecuting Attorney, and Maurice J. Gilbert, First Asst. Trial Counsel, Dayton, for Plaintiff-Appellee.

A. K. Meck, Dayton, and P. J. Wortman, Dayton, for Defendant-Appellant.

## OPINION

By MILLER, J.

The defendant, George Colley, was charged with murder in the first degree, in that while attempting to perpetrate a robbery he killed one Harry Miller on the morning of December 25, 1937.

The facts pertinent to the issues raised before us disclose that in April, 1937, the defendant was declared insane by the Hygiene Commission of Kanawa County, West Virginia, and committed to the State Insane Asylum at Spencer, West Virginia, from which he escaped and came to Dayton on or about December 10, 1937. On the morning of December 25, 1937, at about 2:30 A. M. defendant encountered Harry Miller on the street and attempted to rob him with a gun he had acquired several days previous. During the attempted robbery the deceased resisted and in the scuffle that ensued the gun was discharged shooting the deceased in the abdomen from which wound he died later in the day. Miller made a dying statement in which he gave a description of his assailant, who he said was attempting to rob him. He stated that he took a swing at him and was then shot. At another time he stated that he "grabbed out" at the assailant before the shooting.

For several weeks after this crime numerous other robberies were committed by this defendant in Montgomery County, and which he admitted on his return to Dayton. Several months after the alleged offense the defendant was arrested for an offense in New York state. He plead insanity

and after examination by a duly appointed sanity commission he was found to be insane and ordered committed to Mattewan State Hospital, from which he was later released to the Spencer State Hospital, from which he escaped in 1937. On his return to Dayton in 1942 he made a statement to the police in which he admitted the attempted robbery of the deceased, but stated that the discharge of the gun occurred during a scuffle and that the discharge was accidental.

The plea was not guilty and not guilty by reason of insanity. Upon the plea of insanity being made the Court appointed a sanity commission composed of three medical experts to examine and observe the defendant, who was ordered committed to an insane institution at Dayton for a priod of thirty days. This committee reported to the Court that the defendant was found sane and the Court adopted the report, found the defendant to be sane and the case came on for trial.

The errors assigned are:

1. The Court erred in not ordering a mistrial when the assistant prosecuting attorney was making his opening statement to the jury.

The record discloses that in this opening statement the prosecuting attorney described numerous other holdups in the City of Dayton beginning the day following the killing of Miller and continuing over the several following weeks, which crimes were admitted by the defendant. The statements of these crimes were supported by the evidence and were admissible only for the purpose of establishing the identity of the accused. In the opening statement of any case counsel in good faith may make statements as to what they expect to prove by competent testimony, which was done in this case. The opening statement was made in conformity with §13442-8 GC, and was properly made.

2. The Court erred in admission and rejection of testimony and evidence.

Under this assigned error it is the contention of the defendant that the Court erred in admitting the admissions of the defendant in evidence against him since he had been adjudged insane less than one year before the alleged offense and had never been released from the insane institution at Spencer, West Virginia, from which he had made his escape. There is no presumption of insanity in a criminal case. The law presumes every person over the age of fourteen years to be of sufficient capacity to entertain a criminal intent. Therefore, the presumption is that every such person is sane as far as criminal respon-

sibility is concerned. **Loeffner v State, 10 Oh St 598; State v Knapp, 70 Oh St 380; 21 O. Jur. 78.** The burden of proof to establish the defense of insanity rests upon the defendant, but a preponderance of evidence is all that is necessary for that purpose. Even though the evidence introduced by the State tends to show the insanity of the defendant the burden of proof does not shift. **Rehfeld v State, 102 Oh St 431.** The admissions of the defendant were properly admitted in evidence. The issues on insanity were submitted to the jury under proper instruction and we are of the opinion that the finding of the jury was fully supported by the evidence.

3. The Court erred in submitting to the jury the question of whether or not the defendant was guilty of first degree murder, as there was no evidence of murder.

An examination of the record is convincing that the defendant was attempting an armed robbery at the time in violation of §12400 GC, and the charge was not only properly given but the verdict is amply supported by the evidence. It is the contention of the defendant that the attempted robbery had ceased and then there was a scuffle over the gun which was accidentally discharged. This was a factual question which was properly submitted to the jury.

4. The Court erred in charging the jury that accidental shooting after attempted robbery had ceased was manslaughter.

We find no error in the charge as given. If there is any testimony supporting a lesser offense it becomes the duty of the Court to charge upon it, which was properly done. There was some evidence in the confession of the defendant that the killing was not purposeful or intentional, but that the gun was accidentally discharged. If this fact were properly supported by the evidence, then the defendant would be guilty of manslaughter, as it is admitted the defendant was engaged in an unlawful act at the time.

We find no prejudicial error in the record and find further that the guilt of the defendant is established by the overwhelming weight of the evidence. The judgment is affirmed.

HORNBECK, PJ, and WISEMAN, J. concur.