OPINION
{¶ 1} Defendant-appellant, Timothy Siney, Jr., appeals his convictions in the Warren County Court of Common Pleas for breaking and entering, theft, and grand theft. We affirm.
 {¶ 2} At appellant's jury trial, the following relevant facts were presented. Sometime prior to midnight on the night of June 2, 2003, Bo Bishop, a police officer for the village of Harveysburg, conducted a traffic stop for a minor equipment violation on a vehicle with two occupants.
 {¶ 3} At approximately 1:00 a.m. on June 3, 2003, in the adjacent village of Waynesville, David Barton, a teacher at Waynesville High School, heard a disturbance near the school concession stand. Upon further investigation, Barton observed at least two people jump into a car, leave the area in a direction away from him, and head down a hill towards a steep incline. Barton then heard the car's engine shut off and people yelling. He immediately left the area and informed the police.
 {¶ 4} Upon further investigation by the police, a vehicle registered to Amber Shearer was discovered, abandoned and immobile, in the same area where Barton heard the earlier disturbance. Inside the vehicle were numerous items of food that were identified as belonging to the school's concession stand. Moreover, it was discovered that the lock on the door of the concession stand was broken off with a pry bar.
 {¶ 5} During the early morning hours of June 3, Officer Bishop was shown two photographs, one of Shearer and one of appellant. Officer Bishop identified the persons depicted in the photographs as the occupants of the vehicle he had stopped in Harveysburg only a few hours earlier.
 {¶ 6} Also on June 3, on a farm located approximately onehalf mile from the high school, a van owned by William LeMay was reported stolen. The caretaker of LeMay's farm, Virgil Wilkerson, testified that he had encountered a young man and woman on the farm about two or three days prior to the theft of the van. He identified appellant as the young man he encountered that day, and he testified that the whereabouts of the key to the van became unknown around the same time as the encounter.
 {¶ 7} One week later, on June 9, Officer Lenny Bilbrey, a Butler Township police officer, was on a routine patrol around the Stillwater Methodist Church when he noticed that the church's garage door was open. Officer Bilbrey became suspicious, began to investigate, and eventually called for backup. While waiting for backup, he noticed a white van, later identified as LeMay's van, in the church's parking lot.
 {¶ 8} When additional officers arrived on the scene, they examined the van and noticed it was warm to the touch. They began a search and found bags of groceries, later identified as belonging to the church, inside. At that point, believing suspects might be in the area, the officers called for a K-9 unit. While the officers awaited the K-9 unit, Shearer, who had been hiding under carpet in the back of the van, made her presence known and was taken into custody.
 {¶ 9} When the K-9 unit arrived, Storm, a canine police officer, picked up a scent and began tracking. His trail eventually led to a field less than 200 yards from the church where appellant was discovered and apprehended.
 {¶ 10} Appellant was subsequently indicted for breaking and entering, pursuant to R.C. 2911.13(A), and theft, pursuant to R.C. 2913.02(A)(1), in connection with the events at the Waynesville High School on the night of June 2. He was also charged with grand theft, pursuant to R.C.2913.02(A)(1), in connection with the theft of LeMay's van on June 3. He was not, however, charged with any offenses connected to the break-in at the Stillwater Methodist Church on June 9.
 {¶ 11} At trial, numerous witnesses testified on behalf of the state, including Shearer. At the close of the trial, a jury found appellant guilty of all three charges.
 {¶ 12} On appeal, appellant raises five assignments of error. For ease of analysis and clarity, the assignments will be considered out of order, and, when appropriate, together.
 {¶ 13} In his second and third assignments of error, appellant contends the following:
 {¶ 14} Assignment of Error No. 2:
 {¶ 15} "The appellant was denied a fair trial right by the improper admission of `other acts' evidence."
 {¶ 16} Assignment of Error No. 3:
 {¶ 17} "Appellant's fair trial right was prejudiced by the improper admission of traffic tickets issued prior to the charged offenses."
 {¶ 18} Because both assignments raise nearly identical issues related to the admissibility of other acts, wrongs, and crimes evidence, we will address them together.
 {¶ 19} In his second assignment of error, appellant contends the trial court erred in allowing the state to introduce evidence of the break-in at the Stillwater church on June 9, a week after the offenses he was charged with occurred. In support, appellant cites Evid.R. 404(B), which provides:
 {¶ 20} "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 21} According to appellant, evidence of the break-in was offered by the state to show that appellant acted in conformity with his character as a thief. Consequently, appellant argues, the jury was allowed to make the impermissible inference: "once a thief, always a thief." We disagree.
 {¶ 22} To begin, we note that in addition to Evid.R. 404(B)'s directives with respect to introducing evidence of other acts, R.C. 2945.59
provides: "In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant." Although R.C. 2945.59 does not specifically enumerate "identity" as one of the permissible purposes for using other acts evidence, the Ohio Supreme Court has held R.C. 2945.59 includes identity evidence as part of the same scheme, plan, or system. State v. Curry
(1975), 43 Ohio St.2d 66, 73.
 {¶ 23} R.C. 2945.59 and Evid.R. 404(B) are both strictly construed against allowing the State to submit "other acts" evidence. State v.Goines (1996), 111 Ohio App.3d 840, 844. However, if (1) an enumerated matter, such as intent, identity, or absence of mistake or accident, is a material issue at trial, and (2) the other acts evidence tends to show that matter by substantial proof, then the evidence of the other acts is admissible for that limited purpose. See State v. Broom
(1988), 40 Ohio St.3d 277, 281-282.
 {¶ 24} In the case at bar, appellant's identity as a perpetrator of the crimes was clearly in dispute. The record on appeal reveals his entire defense was built upon the theory that the only person able to positively place him at the scene was Shearer. Accordingly, his strategy was to discredit Shearer and challenge the identity element of the crimes alleged. Thus, other acts evidence that tended to show appellant's identity as the perpetrator of the crimes was material to this case.
 {¶ 25} The acts at the Stillwater church also constituted substantial proof of appellant's identity as the perpetrator of the crimes in Waynesville.
 {¶ 26} Officer Bishop testified that appellant was a passenger in Shearer's car when he stopped their vehicle near the Waynesville school before midnight on the night of June 2 and 3, the very night of the break-in. Barton, the Waynesville High School teacher, testified that he saw and heard at least two people jump into a car near the school's concession stand on that same night. Later testimony established that Shearer's car was found immobile and abandoned near the concession stand, and with items from the concession stand inside.
 {¶ 27} Wilkerson, LeMay's caretaker, testified that he encountered appellant and a female on LeMay's property three days before the theft of LeMay's van. One week later, LeMay's van was discovered at the Stillwater Methodist church. Inside the van, Shearer was discovered hiding under a rug, and groceries, later identified as belonging to the church, were recovered. Finally, a K-9 unit officer testified that canine officer Storm picked up appellant's scent at the church and tracked him to an area less than 200 yards away from the church and LeMay's van.
 {¶ 28} We find the foregoing other acts evidence constitutes substantial proof of appellant's identity as the perpetrator of the crimes in Waynesville on the night of June 2 and 3.
 {¶ 29} Appellant contends the other acts evidence should not have been admitted because the acts failed to sufficiently establish his modus operandi as the perpetrator of the two crimes. When evidence of other acts is admitted to show a unique modus operandi of the accused, the other acts tend to show that the accused has committed other crimes, and that a distinct, identifiable scheme, plan, or system was used in the commission of each offense. See State v. Jamison (1990), 49 Ohio St.3d 182, syllabus.
 {¶ 30} As appellant notes, however, evidence of a modus operandi is only one way other acts evidence can establish identity. Other acts can also be evidence of identity when the other acts form part of the immediate background of the crime, and are inextricably related to it.State v. Lowe, 69 Ohio St.3d 527, 531, 1994-Ohio-345.
 {¶ 31} We find evidence of the theft at the Stillwater Methodist Church was inextricably related to, and formed part of the immediate background of, the break-in at the school and the theft of the van. Thus, evidence of the acts at the church were properly admitted by the trial court. Both appellant and the state argue that the other acts evidence introduced in this case relate to modus operandi. Because we have concluded the other acts were properly introduced as immediate background evidence, we find it unnecessary to address this issue. Additionally, we note that appellant seems to suggest that because the government sought to admit the identity evidence under modus operandi, no other justification for admitting the evidence is permissible. We disagree.
 {¶ 32} Appellant next argues that even if the acts related to the break-in at the church fall under the identity exception, they still should not have been admitted because the state's true purpose in introducing them was to show that appellant acted in conformity with his character as a thief when he broke into the school and when he stole the van.
 {¶ 33} To begin, we do not find anything in the record to support such an allegation. Nor do we see how the prosecutor's motive in introducing evidence of "other acts" is relevant to the validity of introducing such evidence. R.C. 2945.59 allows evidence of other acts to be introduced "notwithstanding that such proof may show or tend to show the commission of another crime by the defendant." Consequently, this contention is not well-taken.
 {¶ 34} Finally, appellant seems to argue under the second assignment of error that he was prejudiced by the amount of evidence submitted to show his involvement with the break-in at the church. Appellant contends that because the state called five witnesses to show his connection with the church break-in, the evidence of his involvement there was cumulative and unduly prejudicial.
 {¶ 35} In support of this contention, appellant cites to Evid.R. 403, which provides, in relevant part: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence."
 {¶ 36} A trial court's decision to exclude relevant evidence on the grounds that it is cumulative is discretionary. See State v. Waddy
(1992), 63 Ohio St.3d 424, 445. We find no abuse of that discretion in the case at bar. Furthermore, contrary to appellant's contention, the record reveals that the testimony of the state's witnesses was not cumulative. Excluding the testimony of Shearer, the record reveals that each witness testified concerning a distinct segment of the events surrounding the crimes with which appellant was charged. See State v.Allard, 75 Ohio St.3d 482, 1996-Ohio-196, (holding trial court properly allowed 11 witnesses to testify to motive of defendant accused of murder where each had a separate encounter with the defendant). Accordingly, appellant's argument is not well-taken.
 {¶ 37} In his third assignment of error, appellant argues the traffic tickets found in Shearer's glove compartment that were issued to appellant and Shearer were also inadmissible other acts evidence. Again, we disagree.
 {¶ 38} The tickets were part of the relevant background inextricably woven to the facts necessary to establish appellant's identity as the perpetrator of the crimes in Waynesville. A ticket issued to appellant found in Shearer's car, and appellant's address listed on a ticket issued to Shearer, provided a basis for the inference that the two were partners in crime. These inferences, coupled with testimony from multiple witnesses that a male and a female were present together at the multiple locations relevant to this case, comprised evidence that identified appellant as one of the perpetrators of the crimes.
 {¶ 39} Accordingly, appellant's third assignment of error is without merit, and his second and third assignments of error are overruled.
 {¶ 40} Assignment of Error No. 1:
 {¶ 41} "The appellant was denied a fair trail [sic] because the state made unfairly prejudicial comments regarding a collateral criminal act that was not part of the charged offenses."
 {¶ 42} Appellant argues under this assignment of error that the prosecutor engaged in misconduct during opening statements that unfairly prejudiced him in the eyes of the jury.
 {¶ 43} During opening statements, a prosecutor is only permitted to comment about evidence that he or she in good faith expects to introduce at trial. State v. Colley (1946), 78 Ohio App. 425, 427. Upon reviewing a prosecutor's opening statements, this court must determine whether remarks made were improper and, if so, whether they prejudicially affected the defendant's substantial rights. State v. Lynch,98 Ohio St.3d 514, 537, 2003-Ohio-2284, ¶ 145.
 {¶ 44} In the case at bar, appellant argues that it was improper for the prosecution to comment about his presence at the Stillwater church a week after the break-in at the school, and subsequent theft of LeMay's van. However, as we concluded above, evidence of appellant's apprehension at the church was properly admitted at trial. Thus, appellant has not satisfied the first prong of the test for prosecutorial misconduct.
 {¶ 45} To the extent appellant has raised other various issues under this assignment of error, we have considered them, and find them to be without merit. Accordingly, appellant's first assignment of error is overruled.
 {¶ 46} Assignment of Error No. 4:
 {¶ 47} "Appellant was prejudiced by the court's refusal to admit evidence of bias of the co-defendant who testified against him."
 {¶ 48} In his fourth assignment of error, appellant argues the trial court erred in refusing to admit a letter Shearer wrote to him prior to his trial. In the letter, Shearer apologetically informs appellant that she must cooperate with the state and testify against him because she is afraid she will lose her children.
 {¶ 49} At trial, appellant was permitted to use the letter effectively during cross-examination. The record indicates any witness bias was made readily apparent to the jury. Shearer admitted to writing the letter and made no attempt to deny its contents. Nevertheless, appellant claims he was prejudiced by the court's refusal to admit the letter into evidence.
 {¶ 50} He does not tell us, however, how he was prejudiced. Nor does he cite to a rule of evidence, or any other authority, to support his contention that the court erred. Furthermore, the contents of the letter constitute hearsay, but appellant makes no attempt to argue the letter should have been admitted under a recognized hearsay exception.
 {¶ 51} The admission or exclusion of evidence rests within the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. Absent an abuse of that discretion, an appellate court will not disturb a trial court's decision to admit or exclude evidence. State v. Issa, 93 Ohio St.3d 49, 64, 2001-Ohio-1290. An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. State v. Barnes, 94 Ohio St.3d 21, 23, 2002-Ohio-68.
 {¶ 52} The trial court found the letter relevant and material only with respect to impeaching Shearer, and therefore ruled to exclude it from evidence. We find nothing unreasonable, arbitrary, or unconscionable about the court's ruling. Accordingly, appellant's fourth assignment of error is overruled.
 {¶ 53} Assignment of Error No. 5:
 {¶ 54} "Appellant's conviction for grand theft of an automobile is against the manifest weight of the evidence and should be overturned."
 {¶ 55} In his fifth assignment of error, appellant challenges the weight of the evidence supporting his conviction for the theft of LeMay's van. He directs our attention to the fact that he was never seen in LeMay's van, nor were his fingerprints ever found in it. Furthermore, appellant informs us that Shearer's testimony was essentially self-serving and not credible. Therefore, he argues, his conviction for theft of the van was against the manifest weight of the evidence and should be reversed. We disagree.
 {¶ 56} When reviewing whether a conviction is against the manifest weight of the evidence, an appellate court reviews the entire record, "weighs the evidence and all reasonable inferences [therefrom], considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52.
 {¶ 57} An appeals court should not reverse a judgment as against the weight of the evidence if it is supported by some "competent, credible evidence on each essential element." State v. Hill (Feb. 15, 1985), Portage App. No. 1467. An appellate court should reverse "only if the evidence weighs heavily against conviction." State v. Allen (1990),69 Ohio App.3d 366, 374.
 {¶ 58} In the case at bar, the criminal statute underlying appellant's grand theft conviction reads, in relevant part, as follows: "No person, with purpose to deprive the owner of property * * * shall knowingly obtain or exert control over * * * the property * * * [w]ithout * * * consent." After a careful review of the record, we find that sufficient competent, credible evidence was introduced at trial on each essential element of this charging statute.
 {¶ 59} A stipulation was entered wherein it was established LeMay owned the van and did not give his consent to appellant to remove it from his farm. Evidence at trial established that appellant and Shearer were associates, and they were seen together on the night Shearer's vehicle was abandoned at the school. Appellant was also identified as being on LeMay's property shortly before the van was reported missing, and he was tracked by a K-9 unit to a place less than 200 yards from where the van was recovered.
 {¶ 60} Furthermore, Shearer testified at trial that she and appellant stole the van. While it is apparent that her testimony served her own interests, her credibility is an issue primarily for the trier of fact. The trial court, not an appellate court, is in the best position to evaluate testimony and determine the credibility of witnesses. State v.DeHass (1967), 10 Ohio St.2d 230. A conviction is not against the manifest weight of the evidence merely because the trier of fact believes the testimony of a witness for the state. State v. Guzzo (Sept. 20, 2004), Butler App. No. CA2003-09-232, 2004-Ohio-4979, ¶ 13.
 {¶ 61} We are not convinced the jury clearly lost its way in finding appellant guilty of stealing LeMay's van; nor are we convinced the evidence submitted at trial weighs heavily against a finding of guilt, appellant's contentions notwithstanding. Accordingly, appellant's fifth and final assignment of error is overruled.
 {¶ 62} Judgment affirmed.
Young, P.J., and Walsh, J., concur.