OPINION
{¶ 1} Defendant-appellant, Bobby Wells, appeals his conviction and sentence in the Warren County Court of Common Pleas for aggravated burglary, kidnapping, and felonious assault. For the reasons outlined below, we affirm appellant's conviction and sentence in the lower court.
 {¶ 2} On the evening of February 4, 2008, appellant and accomplice John Dapice entered a residence on Turner Lane in Franklin, Ohio. Present in the house at the time were *Page 2 
four adults and three minor children. Brandishing guns, appellant and Dapice took money, prescription pills, a coin collection, and jewelry from the inhabitants of the residence. During the course of the robbery, appellant hit one of the inhabitants in the head numerous times with his gun and threatened to shoot the children.
 {¶ 3} On June 30, 2008, appellant was indicted on one count of aggravated burglary in violation of R.C. 2911.11(A)(1), a first-degree felony; one count of aggravated burglary in violation of R.C. 2911.11(A)(2), a first-degree felony; four counts of aggravated robbery in violation of R.C. 2911.01(A)(1), a first-degree felony; seven counts of kidnapping in violation of R.C. 2905.01(A)(2), a second-degree felony; and four counts of felonious assault in violation of R.C. 2903.11(A)(2), a second-degree felony. Each of these 17 counts was accompanied by a firearm specification under R.C. 2941.145(A).
 {¶ 4} The matter proceeded to a two-day jury trial. On August 13, 2008, the jury found appellant guilty on all counts except for one count of felonious assault. The trial court sentenced appellant to a total of 40 years in prison. Appellant timely appeals, raising three assignments of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED AND VIOLATED BOBBY WELLS' RIGHTS TO DUE PROCESS AND FUNDAMENTAL FAIRNESS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS BY ORDERING HIM TO REMAIN SHACKLED THROUGHOUT THE JURY TRIAL."
 {¶ 7} Appellant argues that the trial court abused its discretion in ordering him to remain shackled throughout the trial. Appellant insists that his conduct at trial did not exhibit a need to prevent violence or escape by use of restraints, and that the trial court failed to determine whether there was a less prejudicial but adequate alternative for providing security. *Page 3 
 {¶ 8} The decision to use restraints is committed to the sound discretion of the trial court. State v. Woodards (1966),6 Ohio St.2d 14, 23. The trial court abuses its discretion when its decision to use restraints is unreasonable, arbitrary, or unconscionable. State v.Hancock, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 130. In reviewing the trial court's decision to restrain a defendant, we are mindful that the trial court is in the best position to consider the defendant's conduct both inside and outside the courtroom, as well as his demeanor while court is in session. State v. Franklin, 97 Ohio St.3d 1, 2002-Ohio-5304, ¶ 79.
 {¶ 9} Typically, a defendant appears in court unrestrained during trial. Woodards at 23. This is because the presence of restraints tends to erode the presumption of innocence afforded to each defendant.Franklin at ¶ 79. Even so, it is well-settled that a defendant may be shackled when there is a danger of violence or escape. Woodards at 23;State v. Murphy, Butler App. No. CA2006-06-143, 2007-Ohio-4535, ¶ 24. The need to prevent violence or escape must be stated on the record and must be specific to the defendant's conduct during the trial at hand.State v. Wightman, Fayette App. No. CA2006-12-045, 2008-Ohio-95, ¶ 9.
 {¶ 10} The Ohio Supreme Court has emphasized its preferred practice when a trial court contemplates restraining a defendant during trial. InState v. Franklin, 97 Ohio St.3d 1, 2002-Ohio-5304, the high court encouraged trial courts to hold a hearing prior to handcuffing a defendant at any phase of trial. Id. at ¶ 82. The high court, however, declined to pronounce an "absolute rule" requiring such a hearing. Id. Instead, the court noted that "[w]here the facts and circumstances surrounding a defendant illustrate a compelling need to impose exceptional security procedures, the trial court's exercise of discretion in this regard should not be disturbed unless its actions are not supported by the evidence before it." Id.
 {¶ 11} In the case at bar, the trial court did not conduct a hearing prior to ordering that appellant remain shackled during the trial. Nonetheless, the court articulated its reasons on *Page 4 
the record for restraining appellant. At the beginning of the trial, outside the presence of the jury, the court addressed appellant's motion for a continuance. Following the court's denial of the motion, appellant continued to argue for a continuance. Appellant persistently interrupted the court and questioned its judgment. After this exchange took place, the trial court indicated its reasons on the record for requiring appellant to be restrained:
 {¶ 12} "THE COURT: Okay. Since you're agitated, obviously you're going to stay in shackles and chains. You have little or no incentive to cooperate. Because of your facing a lengthy Federal sentence, you've already had a record of offenses of violence. These offenses are of violence and I am not going to take the risk of the safety of the attorneys, the witnesses or anyone else. You're going to stay in custody just the way you are[.]"
 {¶ 13} Again, we note that the trial court was in the best position to observe appellant's demeanor at trial. Franklin, 2002-Ohio-5304 at ¶ 79. The transcript reveals that appellant was persistently argumentative with the trial court. Also, appellant admitted that he was anticipating a 33-year federal sentence for a number of serious charges. Considering appellant's extensive history of violent offenses, his lack of incentive to cooperate, the violent nature of the present case, along with appellant's agitated state at trial, we cannot say that the trial court abused its discretion in ordering that appellant remain shackled.
 {¶ 14} Appellant's first assignment of error is overruled.
 {¶ 15} Assignment of Error No. 2:
 {¶ 16} "WELLS WAS DENIED HIS RIGHT TO EFFECTIVE COUNSEL WHERE COUNSEL FAILED TO PREPARE FOR HIS TRIAL."
 {¶ 17} Appellant contends that he suffered ineffective assistance of counsel due to defense counsel's inadequate preparation for trial. This includes appellant's allegations that defense counsel met with him only once, on the day before trial, and that counsel failed to *Page 5 
investigate a possible alibi witness for appellant. These deficiencies, according to appellant, deprived him of a fair trial.
 {¶ 18} To establish ineffective assistance, appellant must show that counsel's actions fell below an objective standard of reasonableness and that appellant was prejudiced as a result. Strickland v. Washington
(1984), 466 U.S. 668, 687-88, 693, 104 S.Ct. 2052. Prejudice exists where there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different. Id. at 694.
 {¶ 19} First, we are not convinced that defense counsel's actions fell below an objective standard of reasonableness. Although appellant argues that defense counsel only met with him once, on the day before trial, appellant's motion to dismiss court-appointed counsel states that he met with defense counsel on three occasions. At trial, the court directly asked defense counsel whether he felt prepared. Counsel responded in the affirmative, noting only that he had not had the opportunity to interview the potential alibi witness. The record indicates that appellant informed defense counsel of this witness on the day before trial. It is apparent that the failure to pursue the alibi was the result of appellant's lack of diligence in informing his counsel of the alibi witness, rather than a deficiency in defense counsel's performance.
 {¶ 20} Appellant was originally indicted in February 2008, and re-indicted in June 2008. Defense counsel was appointed in March 2008. It was this defense attorney who filed the first motion for a continuance on June 6, 2008, seeking more time to prepare for trial, which motion was granted. Trial was conducted in August 2008. Cleary, defense counsel had many months prior to trial to prepare and appellant had many months prior to trial to inform his counsel of the alibi witness.
 {¶ 21} Appellant also failed to establish that he suffered prejudice as a result of any alleged deficiencies in defense counsel's performance. The evidence against appellant was *Page 6 
overwhelming. Three of the adult victims testified at trial. Each of these victims testified that they identified appellant as the perpetrator when separately presented with a photo lineup by the investigating police officer. The victims testified that appellant entered the residence, took personal property from them, threatened them with his gun, and would not let them leave. Each also identified appellant in the court room.
 {¶ 22} In addition, a confidential informant testified that appellant admitted to him that appellant had committed the robbery in question. This admission was captured by way of a recording device worn by the informant. Finally, appellant's accomplice, Dapice, testified against appellant as part of a plea deal. Dapice stated that appellant orchestrated the home invasion and that they took money, pills, and jewelry from the victims. In light of this abundant evidence in favor of appellant's guilt, it does not appear that there is a reasonable probability that the result of the trial would have been different but for defense counsel's alleged deficiencies.
 {¶ 23} Appellant's second assignment of error is overruled.
 {¶ 24} Assignment of Error No. 3:
 {¶ 25} "THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO GRANT WELLS' MOTION FOR CONTINUANCE."
 {¶ 26} Appellant maintains that the trial court abused its discretion in denying the continuance he requested on the morning of trial. Appellant insists that he was entitled to a continuance because defense counsel was not adequately prepared for trial and because appellant was unable to reach his family to obtain civilian clothing for trial.
 {¶ 27} A trial court has broad discretion in determining whether to grant or deny a continuance. State v. Unger (1981), 67 Ohio St.2d 65,67. When evaluating a motion for a continuance, the court may consider the length of the delay requested, prior continuances, *Page 7 
inconvenience, the reason for the delay, whether the defendant contributed to the delay, and any other relevant factors. Id. at 67-68. An appellate court may not reverse the denial of a continuance absent an abuse of discretion. Id. at 67.
 {¶ 28} We find that the trial court did not abuse its discretion in denying the continuance. As stated above, appellant's counsel had abundant time to prepare and confirmed that he was ready to proceed with trial when asked by the court. Regarding the potential alibi witness, both appellant and his counsel had over four months to contact and interview this witness. In addition, appellant requested the continuance on the morning of trial. The trial court noted that the jury, already impaneled, would have been inconvenienced by a continuance. Also, as stated, appellant was already granted a prior continuance in order to prepare for trial.
 {¶ 29} Finally, the trial court emphasized the inconvenience in transporting appellant to the courthouse. Appellant had been in federal custody the entire time since his indictment. Each time his presence was required in state court, the trial court had to issue a warrant for his removal or a writ of habeas corpus. Appellant had to be transported back and forth numerous times since the initiation of the present matter. The trial court observed that appellant had the opportunity to confer with his counsel each time he had appeared in court, on a number of occasions. Also, appellant was able to communicate with his attorney by letter.
 {¶ 30} Regarding appellant's prison attire, appellant had many months to obtain civilian clothing. The trial court noted that there had not been any interference with appellant's opportunity to speak with his family. Indeed, appellant admitted that his wife had visited him while he was in jail. Also, appellant admitted that he had not made an effort to communicate with his family by writing letters. On the first day of trial, the court informed appellant that he could still wear civilian clothing on the second day of trial if he obtained it. It *Page 8 
thus does not appear that appellant was forced to endure trial while wearing prison attire through any fault other than his own.
 {¶ 31} Appellant's third assignment of error is overruled.
 {¶ 32} Judgment affirmed.
POWELL, P.J., concurs. RINGLAND, J., concurs separately.