OPINION
{¶ 1} Plaintiff-appellant, the state of Ohio appeals a decision of the Butler County Area I Court granting a motion to dismiss the charge of driving under the influence ("DUI") filed against defendant-appellee, Pamela Marcum. Judgment reversed and cause remanded.
 {¶ 2} Marcum was charged with DUI after police were called to the scene of a single-vehicle accident in Butler County in August 2005. Marcum filed a motion to suppress and motion to dismiss, arguing that police lacked probable cause to arrest her for DUI. At the conclusion of the suppression hearing, the trial court orally granted the motion to suppress and dismissed the complaint against Marcum. The state appeals, presenting one assignment of error.
 {¶ 3} "THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT-APPELLEE'S `MOTION TO SUPPRESS, MOTION TO DISMISS.'"
 {¶ 4} We acknowledge that the transcript shows that trial court stated at the conclusion of the suppression hearing that it was granting Marcum's motion to suppress. However, neither party has provided to this court, nor has this court located, any entry in the record that expresses the trial court's ruling on the motion to suppress.
 {¶ 5} It is well settled that a court speaks only through its journal entries. State v. Mincy (1982), 2 Ohio St.3d 6, 8;State v. Dunigan, Madison App. Nos. CA2001-11-025, CA2001-11-02, 2002-Ohio-5885, ¶ 19 (court speaks only through its journal and not by oral pronouncement"); State v. Peterson
(July 7, 1995), Montgomery App. No. 14733; State v. Ricci,
Sandusky App. No. S-03-009, 2003-Ohio-7268, ¶ 3 (since no judgment entry exists denying the motion to suppress, the appeal is dismissed until such time as such a judgment on the motion is entered on the court's journal);
 {¶ 6} Consequently, there is no decision of the trial court on the motion to suppress properly before this court on this appeal. However, our review of this appeal does not end there. The trial court also dismissed the charge against Marcum based upon her pretrial motion. The record contains a journal entry indicating that the cause was dismissed for "no probable cause." We agree with the state's assertion that the trial court's decision to dismiss the case at that time was erroneous.
 {¶ 7} There is no provision in Ohio for a pretrial motion to dismiss a criminal case based upon a lack of probable cause.State v. Hartley (1988), 51 Ohio App.3d 47, 48-49; see Statev. Tejada, Summit App. No. 20947, 2002-Ohio-5777, ¶ 22-24 (criminal rules do not allow for a "summary judgment" on an indictment prior to trial).
 {¶ 8} The issue of the legal sufficiency of the evidence is not properly raised by pretrial motion, and that motion should have been overruled. City of Columbus v. Galang, Franklin App. No. 02AP-1441, 2003-Ohio-4506, ¶ 11; see, also, State v.Abercrombie, Clermont App. No. CA2001-06-057, 2002-Ohio-2414, ¶ 18 (pretrial motion to dismiss only challenges the sufficiency of the charging instrument and whether the allegations contained therein are sufficient to constitute a criminal offense regardless of quantity or quality of evidence that may be produced); Crim.R. 12.
 {¶ 9} If a trial court determines that a fourth amendment violation exists, generally, the remedy is suppression of the evidence wrongfully obtained, not dismissal of the charges.Blanchester v. Hester (1992), 81 Ohio App.3d 815, 820 citingUnited States v. Crews (1980), 445 U.S. 463, 474,100 S.Ct. 1244 (the illegality of an accused's detention cannot deprive prosecution of the opportunity to prove guilt through the introduction of evidence "wholly untainted by the police misconduct"); State v. Riley, Butler App. No. CA2001-04-095, 2002-Ohio-8618 (trial court's granting of pretrial motion to dismiss based on the sufficiency of the evidence amounts to a premature declaration by that court; such actions more appropriate for Crim.R. 29 motion at trial); State v. Varner
(1991), 81 Ohio App.3d 175.
 {¶ 10} Dismissal of a case by the trial court after granting a motion to suppress is error because it deprives the state of its opportunity to determine the sufficiency of its own case.State v. Hamilton (1994), 97 Ohio App.3d 648, 651. The state is permitted to determine whether it will seek a stay of proceedings to pursue a Crim.R. 12 appeal or alternatively proceed to a final judgment. State v. Malone, Erie App. No. E-03-060,2004-Ohio-3794, ¶ 19, citing to State v. Fraternal Order ofEagles Aerie 0337 Buckeye (1991), 58 Ohio St.3d 166, 169.
 {¶ 11} Whether the state had evidence sufficient for a successful prosecution is not a question that should have been answered by the trial court by granting or denying a pretrial motion. State v. Couch (June 25, 1999), Montgomery App. No. 17520. "While the state may have a tougher row to hoe without the availability of suppressed evidence, it does not necessarily follow that, as a matter of law, the defendant is entitled to dismissal of the charge." Id.
 {¶ 12} We are aware that this court previously upheld both a trial court's grant of a motion to suppress on probable cause grounds and its dismissal of the charge after suppression of the evidence in City of Hamilton v. Sweet (Oct. 17, 1994), Butler App. No. CA94-01-016. However, we find the cases previously cited in this opinion to be the proper course to follow on this issue and overrule the Sweet case.
 {¶ 13} Accordingly, the state's assignment of error is sustained as to the trial court's pretrial dismissal of Marcum's DUI charge. The trial court's decision to dismiss the charge by pretrial motion is reversed. Further, we find that the trial court failed to properly enter its decision on Marcum's motion to suppress. Therefore, we are unable to review the state's arguments pertaining to the decision to suppress evidence.
 {¶ 14} The entry of dismissal is vacated and this cause is reversed and remanded to the trial court so that it may properly enter on its journal its determination on the motion to suppress evidence.
Young and Bressler, JJ., concur.