The STATE of Ohio, Appellee,

v.

MURPHY, Appellant.

[Cite as *State v. Murphy,* 173 Ohio App.3d 221, 2007-Ohio-4535.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2006–06–143.

Decided Sept. 4, 2007.

Robin N. Piper, Butler County Prosecuting Attorney, and Michael A. Oster Jr., Assistant Prosecuting Attorney, for appellee.

Brian K. Harrison, for appellant.

---

WALSH, Judge.

{¶ 1} Defendant-appellant, Bryant Murphy, appeals his criminal conviction in the Butler County Common Pleas Court on the basis that he was denied a fair trial when he was excluded from a portion of his trial and was required to attend the remainder of the trial in restraints.

{¶ 2} Murphy was charged with aggravated robbery and two counts of kidnapping, all with firearm specifications, in connection with the robbery of a Cash Express store.

{¶ 3} According to the record, a pretrial proceeding was held on the morning of appellant's scheduled trial date. Appellant's trial counsel sought a continuance, telling the trial court that one of his witnesses was not available for at least three or more days. After the trial court denied appellant's motion, appellant was removed from the courtroom to give him an opportunity to change out of his jail uniform for trial. Appellant did not change his attire and was returned to the courtroom. It is not clear from the record, but appellant reportedly indicated to someone that he might not cooperate in the trial. Upon his return to the courtroom, appellant, who was still in restraints, refused to communicate with his trial counsel and refused to stand when court opened and the judge entered the courtroom.

{¶ 4} The trial judge described for the record appellant's actions, indicating that appellant was sitting at the defense table with his head bowed. Appellant then made a loud outburst and began shaking, grunting, and rolling on the ground.

{¶ 5} While the trial court, prosecutor, and defense counsel discussed the unfolding events, appellant reportedly kicked over the defense table, and it broke into three pieces. Appellant was "yell[ing]," "scream[ing]," and forcefully struggling with the four or more deputies who were at that time attempting to physically remove him from the courtroom. Appellant was transported to the hospital. No members of the jury venire were in the courtroom during the outburst, but the trial court requested that a new venire be called for the next day.

{¶ 6} Appellant returned to the courtroom a few hours later and was placed in a chair specifically designed to restrain the occupant at several points of the body. Appellant's trial counsel asked for a competency evaluation, which was denied.

{¶ 7} Appellant spoke to the trial court, informing it that he suffered from a medical condition and that doctors had told him to treat this condition by increasing fluids and trying "not to stress." Appellant's counsel noted that appellant had received some unknown shot at the hospital. Appellant told his attorney that his condition was a blood imbalance of some sort. Appellant assured the trial court that a disturbance would not happen again.

{¶ 8} The trial court indicated that the behavior appeared to be calculated, but if the behavior was caused by a medical condition, the trial court feared appellant would have no control over whether it would occur again. The record indicates that appellant's records from the hospital were made available, but appellant told the trial court that he did not want them released or provided to the prosecution.

{¶ 9} After considerable discussion about the issues raised by appellant's conduct, the trial court decided that appellant would be placed in the restraint chair, bound at the ankles and from the waist, for the trial. The judge and counsel discussed ways to obscure the fact that appellant was being restrained, but appellant's trial counsel believed the nature of the chair would be obvious to a jury.

{¶ 10} Appellant discussed the matter with his trial counsel, who informed the trial court that appellant did not want to be in restraints in front of a jury and requested instead to observe the proceedings from a location outside of the courtroom. The trial court indicated that it had the capability of an audio feed only, but appellant could monitor the proceedings in this manner from another courtroom and consult with his attorney at breaks.

{¶ 11} Only one witness provided testimony the first day of the trial. During cross-examination of this witness, appellant called into question the state's use of a photograph of appellant, and the state requested that appellant be brought into the courtroom at the beginning of the second day of testimony for witness identification.

{¶ 12} Appellant asked to remain in the courtroom if he was going to be brought in for the identification. Appellant requested that efforts be made to obscure the restraints, and the trial court complied with the requests, draping cloth over the chair and around the counsel table. Toward the conclusion of the trial, appellant asked to give his own closing remarks to the jury, and accommodations were made so that the jury was out of the courtroom whenever appellant was moved in the chair to present his argument.

{¶ 13} The jury returned a verdict of guilty on all counts, and appellant was subsequently sentenced. He presents four assignments of error on appeal, all of which deal in some manner with his absence from the courtroom and presence in the courtroom in restraints. We will combine some assignments and address others out of order.

{¶ 14} Assignment of Error No. 1:

{¶ 15} "The trial court denied defendant-appellant his right to a fair trial by excluding the defendant from portions of his trial and by requiring defendant to appear before jurors in restraints."

{¶ 16} Assignment of Error No. 3:

{¶ 17} "The trial court denied defendant-appellant his right to confrontation."

{¶ 18} The constitutional principle of due process mandates the presence of a defendant at every stage of the trial, absent waiver of his rights or other extraordinary circumstances. See *State v. Williams* (1983), 6 Ohio St.3d

281, 286, 6 OBR 345, 452 N.E.2d 1323; *Illinois v. Allen* (1970), 397 U.S. 337, 338, 90 S.Ct. 1057, 25 L.Ed.2d 353. Denial of a defendant's constitutional right to be present at all stages of his trial constitutes prejudicial error only when a fair and just hearing is thwarted by his absence. *Williams*.

{¶ 19} Crim.R. 43(A) states that a defendant shall be present at arraignment and every stage of the trial, except as otherwise provided by these rules. Crim.R. 43(B) states that "[w]here a defendant's conduct in the courtroom is so disruptive that the hearing or trial cannot reasonably be conducted with his continued presence, the hearing or trial may proceed in his absence, and judgment and sentence may be pronounced as if he were present." "Where the court determines that it may be essential to the preservation of the constitutional rights of the defendant, it may take such steps as are required for the communication of the courtroom proceedings to the defendant."

{¶ 20} The Confrontation Clause of the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution provide that an accused shall enjoy the right to appear and defend in person and to be confronted by the witnesses against him.

{¶ 21} It is important to note that the trial court did not exclude appellant from the courtroom during portions of the first witness's testimony. The record indicates that appellant did not want to attend the trial in restraints and voluntarily chose to leave the courtroom and monitor the trial from a remote location while his counsel represented him in the proceedings. The trial court explained appellant's right to be present in the courtroom to appellant, who made the choice to remove himself from the courtroom. We see no error by the trial court in responding to appellant's request to waive his presence at trial. See *State v. Kilgore*, Butler App. No. CA2005–06–172, 2006-Ohio-2139, 2006 WL 1132854.

{¶ 22} Appellant argues that the trial court effectively excluded him from the courtroom because his only other choice was to appear before the jury in restraints.

{¶ 23} The presence of restraints tends to erode the indicia of innocence to which the accused is entitled, and the usual practice is for a defendant to appear in court while free of shackles. *State v. Franklin*, 97 Ohio St.3d 1, 2002-Ohio-5304, 776 N.E.2d 26, ¶ 79; *State v. Woodards* (1966), 6 Ohio St.2d 14, 35 O.O.2d 8, 215 N.E.2d 568.

{¶ 24} However, it is widely accepted that a prisoner may be shackled when there is danger of violence or escape. *Woodards*, 6 Ohio St.2d at 23, 35 O.O.2d 8, 215 N.E.2d 568. The trial court is in a position to consider the prisoner's actions both inside and outside the courtroom, as well as his demeanor

while court is in session. *Franklin* at ¶ 79. The need to prevent violence or escape must be specific to appellant's conduct surrounding this particular trial. *Deck v. Missouri* (2005), 544 U.S. 622, 632–633, 125 S.Ct. 2007, 161 L.Ed.2d 953. The decision to impose such a restraint is left to the sound discretion of the trial court. *Woodards,* 6 Ohio St.2d at 23, 35 O.O.2d 8, 215 N.E.2d 568.

{¶ 25} The trial court in the case at bar was forced to deal with the consequences of appellant's previous violent outburst and the need for safety in the courtroom. Appellant promised that no disturbance would reoccur, while also alleging that the outburst was the result of an unintentional, undisclosed medical condition.

{¶ 26} According to the record, the trial court informed appellant of his rights and options and carefully considered its decision to insist on restraints. The trial court provided the accommodations at its disposal to obscure the restraints from the jury and to allow appellant to participate in his defense. Therefore, we find no merit to appellant's argument that he was excluded from the courtroom not by choice, but by the trial court's decision on restraints. Additionally, we do not find that the trial court abused its discretion in its decision to impose restraints on appellant while he was in the courtroom.[1]

{¶ 27} Appellant's due process argument also encompasses the trial court's decision on his counsel's motion for a determination of competency.

{¶ 28} Consistent with the notion of fundamental fairness and due process, a criminal defendant who is not competent may not be tried and convicted. *State v. Braden,* 98 Ohio St.3d 354, 2003-Ohio-1325, 785 N.E.2d 439, ¶ 114. A defendant is presumed to be competent unless it is demonstrated by a preponderance of the evidence that he is incapable of understanding the nature and objective of the proceedings against him or of presently assisting in his defense. R.C. 2945.37; *In re Williams* (1997), 116 Ohio App.3d 237, 241–242, 687 N.E.2d 507.

{¶ 29} Incompetency must not be equated with mere mental or emotional instability or even with outright insanity. *State v. Bock* (1986), 28 Ohio St.3d 108, 110, 28 OBR 207, 502 N.E.2d 1016. A defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel. Id.; *State v. Bass,* Franklin App. No. 03–AP–1002, 2004-Ohio-2532, 2004 WL 1109878, ¶ 4.

---

1. Considering the fact that appellant chose before trial to sit outside of the courtroom for portions of the testimony of the first witness, we find no merit to appellant's argument that the trial court was required by Crim.R. 43 to begin the trial before excluding appellant.

{¶ 30} R.C. 2945.37 provides that, if the issue of competency is raised *before the trial has commenced,* the court "shall" hold a hearing on the issue as provided in this section. See, also, *Bass* at ¶ 7.

{¶ 31} In response to appellant's counsel's request for a competency evaluation, the trial court stated, "[Y]our client's behavior seems to be extremely calculated. The last-minute request to continue seems to be very calculated." The trial court noted that appellant told officers he was going to refuse to come to court. "So it seems to me it is not a mental health problem. It's a manipulation issue."

{¶ 32} While the trial court spent considerable time with the parties on the record discussing the events and the applicable law, the trial court did not hold a hearing on the issue of competency.

{¶ 33} The right to a hearing on the issue of competency rises to the level of a constitutional guarantee when the record contains sufficient indicia of incompetence. *State v. Berry* (1995), 72 Ohio St.3d 354, 359, 650 N.E.2d 433. The failure to hold a competency hearing is harmless error when the record fails to reveal sufficient indicia of incompetence. *State v. Bock,* 28 Ohio St.3d at 110, 28 OBR 207, 502 N.E.2d 1016.

{¶ 34} While *Bock* employs the language cited above, we note that paragraph one of the syllabus in *Bock* states that the failure to hold a competency hearing is harmless error when the defendant proceeds to participate in the trial and offers his own testimony in defense and is subject to cross-examination, and the record fails to reveal sufficient indicia of incompetency. *Bock* noted that the defendant participated in the trial and testified with no apparent behavior that would lead the court to believe that he was not competent to stand trial.

{¶ 35} While appellant in the case at bar chose not to testify, the record indicates that appellant extensively and coherently discussed issues and options on the record and made choices on those options both before and after his outburst and ultimately presented closing arguments on his own behalf.

{¶ 36} Based upon appellant's ability to participate in the trial as previously noted, we hold that there was insufficient indicia that appellant was incompetent or unable to understand the nature of the proceedings against him and assist in his defense. Therefore, the failure of the trial court to hold a competency hearing was harmless error and did not interfere with the defendant's right to a fair trial. See *Bock* at 110–111, 28 OBR 207, 502 N.E.2d 1016; *State v. Eley* (1996), 77 Ohio St.3d 174, 183–184, 672 N.E.2d 640, superseded by amendment on other grounds; *State v. Bass,* 2004-Ohio-2532, 2004 WL 1109878, at ¶ 7 (the inquiry of whether the disallowance of a competency hearing is reversible error must be approached on a case-by-case basis). Appellant's first and third assignments of error are overruled.

{¶ 37} Assignment of Error No. 2:

{¶ 38} "The trial court proceedings denied defendant-appellant effective assistance of counsel."

{¶ 39} A defendant is entitled to be represented by competent and effective counsel, and an attorney renders ineffective assistance to his or her client when the attorney's performance was deficient, and the deficient performance prejudices the defense. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674.

{¶ 40} Appellant argues that the trial court's action in excluding appellant from the courtroom for a portion of the first witness' testimony and permitting only periodic conferences between attorney and client "forced counsel to render ineffective assistance of counsel."

{¶ 41} We have previously rejected appellant's argument that the trial court excluded him from his trial. We also note that appellant fails to cite to this court what authority he is relying upon for the argument that periodic conferences with counsel are insufficient.

{¶ 42} Further, without providing this court with specific instances as to where his trial counsel's performance was deficient and where that deficient performance was prejudicial to the defense, appellant is essentially asking this court to ratify his blanket assertion that trial counsel provides ineffective assistance whenever the client is not sitting next to his counsel. We decline the invitation. Appellant's second assignment of error is overruled.

{¶ 43} Assignment of Error No. 4:

{¶ 44} "The cumulative error committed by the trial court denied defendant-appellant his right to a fair trial."

{¶ 45} Appellant argues that all of the errors claimed under the previous assignments of error cumulatively deprived him of a fair trial.

{¶ 46} Under the doctrine of cumulative error, a conviction can be overturned when the cumulative effect of errors in a trial deprives the defendant of the constitutional right to a fair trial even when each instance of error does not individually constitute cause for reversal. *State v. Garner* (1995), 74 Ohio St.3d 49, 64, 656 N.E.2d 623.

{¶ 47} We found no error in the proceedings below, with the exception of one instance of harmless error. Accordingly, we do not find that cumulative error

deprived appellant of a fair trial, and we overrule appellant's fourth assignment of error.

Judgment affirmed.

BRESSLER, P.J., and POWELL, J., concur.