[Cite as *State v. Whitling*, 2018-Ohio-1360.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2016-10-202 |
| | : | O P I N I O N |
| - vs - | | 4/9/2018 |
| | : | |
| TIMOTHY CRAIG WHITLING, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM FAIRFIELD MUNICIPAL COURT
Case No. 2016CRB01987

Stephen J. Wolterman, Fairfield City Prosecutor, 675 Nilles Road, Fairfield, Ohio 45014, for plaintiff-appellee

Scott N. Blauvelt, 315 South Monument Avenue, Hamilton, Ohio 45011, for defendant-appellant

**HENDRICKSON, P.J.**

{¶ 1} Defendant-appellant, Timothy Craig Whitling, appeals from his conviction and sentence in the Fairfield Municipal Court for violating a protection order. For the reasons set forth below, we reverse appellant's conviction and remand the matter for further proceedings.

**I. FACTS**

{¶ 2} On August 10, 2016, appellant was arrested and charged in Fairfield Municipal

Court Case No. 2016CRB01987 with violating a protection order in contravention of Fairfield Codified Ordinances 537.15(a)(1), a misdemeanor of the first degree. The charge arose out of allegations that appellant violated a protection order issued by the Butler County Domestic Relations Court when he mailed a letter to his estranged wife. At the time of this violation, appellant had two other cases pending in the municipal court for violation of the protection order – Case Nos. 2016CRB01890 and 2016CRB01904.

{¶ 3} Appellant was arraigned on August 11, 2016 in all three cases. He was advised that for each charge of violating a protection order, he faced a maximum penalty of six months in jail and a $1,000 fine. Defense counsel asked that appellant be released on a personal recognizance bond, noting that appellant had "fairly serious medical issues" and "a history of brain injury." The trial court denied defense counsel's request and set bond at $25,000. Appellant was unable to make bond and was held in jail.

{¶ 4} On August 17, 2016, a pretrial hearing was held. At this time, the trial court scheduled a competency hearing and ordered appellant to undergo a competency assessment by Dr. Bobbie Hopes. A brief competency hearing was then held on September 7, 2016, at which time the following discussion occurred:

> THE COURT: All right. Did you see a copy of the doctor's report?
>
> DEFENSE ATTORNEY: I did, I just got it.
>
> THE COURT: He is competent to stand trial, so what are we going to do here today?
>
> DEFENSE ATTORNEY: Today I was going to – what I would like to do is have a pretrial with the Prosecutor to –
>
> THE COURT: Let's do it sooner rather than later.

Although the trial court made reference to a competency report, or "doctor's report," at the hearing, the report was not admitted into evidence. Further, although the trial court stated

appellant was "competent to stand trial," the court did not journalize an entry to this effect.

{¶ 5} At the conclusion of the September 7, 2016 hearing, the court set the matter for pretrial and released appellant on a personal recognizance bond. On September 21, 2016, appellant appeared before the court and, pursuant to an agreement reached with the state, pled guilty to violating a protection order as charged in Case No. 2016CRB01987. In exchange for appellant's guilty plea, the charges in Case Nos. 2016CRB01890 and 2016CRB01904 were dismissed. Appellant was sentenced to 180 days in jail, with 180 days suspended, was ordered to pay a fine of $1,000, with $500 suspended, placed on reporting probation for two years, and ordered not to have contact with the victim. The sentencing entry ordered appellant to pay court costs.

{¶ 6} Appellant appealed his conviction and sentence, raising two assignments of error.

## II. ANALYSIS

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN ACCEPTING A GUILTY PLEA WHICH WAS NOT KNOWING, INTELLIGENT, AND VOLUNTARY.

{¶ 9} In his first assignment of error, appellant argues the trial court erred in accepting his guilty plea as issues involving his competency to stand trial remained at the time his plea was entered. Specifically, appellant argues the procedure surrounding his competency hearing was "insufficient" to protect his due process rights as (1) the hearing was "perfunctory" and no evidence was presented at the hearing, (2) a copy of the competency evaluation was not entered into the record, and (3) the trial court did not journalize an entry finding him competent to stand trial.

{¶ 10} "Fundamental principles of due process require that a criminal defendant who

- 3 -

is legally incompetent may not be tried." *State v. Lampley*, 12th Dist. Butler No. CA2011-03-046, 2011-Ohio-6349, ¶ 9, citing *State v. Berry*, 72 Ohio St.3d 354, 359 (1995). Further, "a defendant who is not competent to stand trial is not competent to enter a guilty plea." *State v. Burns*, 12th Dist. Warren Nos. CA2004-07-084 and CA2004-10-126, 2005-Ohio-5290, ¶ 37. Where the issue of a defendant's competency to stand trial has been raised, the trial court cannot make a reliable determination that the defendant's plea was knowingly, intelligently, and voluntarily entered without first determining the defendant's competency in accordance with R.C. 2945.37. *State v. Cruz*, 8th Dist. Cuyahoga No. 93403, 2010-Ohio-3717, ¶ 17.

{¶ 11} R.C. 2945.37(B) provides that "the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial" and, "[i]f the issue is raised before the trial has commenced, *the court shall hold a hearing* on the issue as provided in this section." (Emphasis added.) Pursuant to the statute, the defendant "is presumed to be competent to stand trial." R.C. 2945.37(G). The defendant "shall be represented by counsel" at the competency hearing and "[t]he prosecutor and defense counsel may submit evidence on the issue of the defendant's competence to stand trial." R.C. 2945.37(D) and (E). The trial court "may order one or more evaluations of the defendant's present mental condition" to be conducted by a psychiatrist or a licensed clinical psychologist. R.C. 2945.371(A) and 2945.37(A)(2). The examiner "shall file a written report with the court within thirty days after entry of a court order for the evaluation, and the court shall provide copies of the report to the prosecutor and defense counsel." R.C. 2945.371(G). The written report of the evaluation of the defendant "*may* be admitted into evidence at the hearing by stipulation" or, if objected to by either party, "*may* be admitted under sections 2317.36 to 2317.38 of the Revised Code or any other applicable statute or rule." (Emphasis added.) R.C. 2945.37(E).

{¶ 12} "If the issue of a defendant's competence to stand trial is raised and if the

court, upon conducting the hearing provided in section 2945.37 of the Revised Code, finds that the defendant is competent to stand trial, the defendant shall be proceeded against as provided by law." R.C. 2945.38(A). However, "[i]f, after a hearing, the court finds by a preponderance of the evidence that, because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense, the court shall find the defendant incompetent to stand trial and shall enter an order authorized by section 2945.38 of the Revised Code." R.C. 2945.37(G).

{¶ 13} In support of his argument that the trial court's failure to adhere to the procedures set forth in R.C. 2945.37 results in reversible error, appellant relies on *State v. Cruz*, 2010-Ohio-3717. In *Cruz*, the defendant's competency to stand trial was raised prior to a trial commencing, and the court ordered a competency evaluation. *Id.* at ¶ 6. However, no evaluation report was filed with the trial court or mentioned on the docket or in the transcript of proceedings. *Id.* Furthermore, no competency hearing was held before the trial court accepted the defendant's guilty plea. *Id.* at ¶ 11 and ¶ 18. On appeal, the Eighth District reversed, finding that the defendant's plea was invalid. The court noted the mandatory nature of R.C. 2945.37(B) and found that the defendant's counsel had not stipulated to a finding of competency or waived the requirement of a competency hearing. *Id.* at ¶ 13-14, ¶ 18. The Eighth District, therefore, vacated the defendant's plea and remanded the matter for the trial court to conduct a hearing on the defendant's competency. *Id.* at ¶ 21.

{¶ 14} We find the present case distinguishable from *Cruz*. Unlike in *Cruz*, the record in the present case demonstrates that appellant was evaluated by a psychologist, the evaluator's report was provided to the court, the report given to defense counsel, and a competency hearing was conducted. Although appellant takes issue with the evaluation report not being entered into the record as an exhibit, nothing in R.C. 2945.37 or 2945.371

requires the report to be admitted as an exhibit. R.C. 2945.371(G) merely requires the report to be filed with the court and for the report to be given to the prosecutor and defense counsel. R.C. 2945.37(E) provides that the report "*may* be admitted into evidence at the hearing by stipulation" of the parties or "*may* be admitted under sections 2317.36 to 2317.38 of the Revised Code or any other applicable statute or rule" by the trial court. (Emphasis added.) While the better practice would have been for the parties or the trial court to have admitted the report as an exhibit at the September 7, 2016 competency hearing, we find no error in the court's or the parties' failure to do so. The record clearly indicates the trial court received the evaluator's report and a copy was given to defense counsel, who acknowledged at the competency hearing that he had seen a copy of the report.

{¶ 15} Appellant also argues that the competency hearing was deficient as it was "perfunctory" and there was no evidence presented at the hearing. We find no merit to appellant's argument. As this court has previously held, "[t]he hearing requirement of R.C. 2945.37[B] is satisfied when a defendant has been afforded an opportunity to present evidence but instead elects to accept the findings contained in a competency evaluation." *State v. Whitecross*, 12th Dist. Butler No. CA97-04-079, 1998 Ohio App. LEXIS 799, *4 (Mar. 2, 1998).

{¶ 16} At the September 7, 2016 competency hearing, appellant was provided with an opportunity to present evidence and challenge the evaluator's written report. After questioning defense counsel about whether he had seen the evaluation report on appellant's competency, the court stated, " He [appellant] is competent to stand trial" before asking, "so what are we going to do here today?" Appellant chose to request a pretrial hearing rather than challenging or objecting to the contents of the evaluation report or presenting evidence to rebut the presumption of competency. Appellant contends he did not have a "meaningful opportunity" to challenge the competency finding because he had "just got[ten]" the

competency evaluation report from the court. However, appellant did not request a continuance to seek time to respond to the contents of the report; nor did he seek a continuance to have an independent evaluation of his competency to stand trial conducted. As appellant was provided with the opportunity to present evidence, to challenge the evaluator's written report, and to request a continuance, we conclude that the procedures utilized during appellant's competency hearing were proper and did not violate his due process rights.

{¶ 17} We are troubled, however, by the trial court's failure to make a determination of appellant's competency to stand trial prior to the court accepting appellant's guilty plea. R.C. 2945.38(A) provides that after a competency hearing has been held, "the defendant shall be proceeded against as provided by law" only if the trial court "*finds that the defendant is competent to stand trial.*" (Emphasis added.) The fact that the trial court stated at the competency hearing, "He [appellant] is competent to stand trial" is insufficient, as it is well-established that "a court speaks only through its journal entries." *State v. Marcum*, 12th Dist. Butler Nos. CA2005-10-431 and CA2005-10-446, 2006-Ohio-2514, ¶ 5, citing *State v. Mincy*, 2 Ohio St.3d 6, 8 (1982). Here, the trial court failed to issue an entry finding appellant competent to stand trial. As such, appellant's competence to stand trial remained an outstanding issue that precluded the trial court from making a reliable determination of the appellant's ability to enter a knowing, intelligent, and voluntary plea. *See Cruz*, 2010-Ohio-3717 at ¶ 17; *Burns*, 2005-Ohio-5290 at ¶ 37.

{¶ 18} In reaching this determination, we reject the dissent's interpretation of the competency statutes. The suggestion that because defense counsel did not raise the issue of appellant's competency to stand trial, appellant's competency was not truly at issue is without merit. R.C. 2945.38(B) specifically provides that the issue of a defendant's competence may be raised by *"the court*, the prosecutor, or defense." (Emphasis added.)

After appellant appeared before the court and the court heard about appellant's "fairly serious medical issues and "history of brain injury," the court properly raised the issue of appellant's competency and ordered an evaluation – an action that is permitted by statute in determining a defendant's competency, but is not required in every case. *See* R.C. 2945.37(C) and 2945.371(A) ("the court *may* order one or more evaluations of the defendant's present mental condition").

{¶ 19} R.C. 2945.37 does not set forth any specific factors or indicia that must be met in order for a court to raise the issue of competency. Rather, whenever the trial court – or the state or defense counsel for that matter – suspect that the defendant is incapable of understanding the nature and objective of the proceedings against him or of assisting in his own defense, the issue of competency may be raised. The court clearly had concerns about appellant's competency, as appellant had two pending violations of the same protection order when he was charged with his third violation and appellant had a history of brain injury and serious medical issues. At this point in the proceedings, the court's concerns caused it to both order a competency evaluation and to schedule a competency hearing.

{¶ 20} As for the competency hearing that was held on September 7, 2016, the dissent suggests no hearing was actually held as no evidence or testimony was received by the court. This position is contrary to R.C. 2945.37(E), which states that "[t]he prosecutor and defense counsel *may submit evidence on the issue of the defendant's competence to stand trial."* (Emphasis added.) The statute does not require evidence or testimony to be presented at the hearing, and the hearing that transpired in the present case complied with the requirements of R.C. 2945.37.

{¶ 21} At the conclusion of the September 7, 2016 hearing, the trial court was left with the unrebutted presumption that appellant was competent to stand trial. *See* R.C. 2945.37(G). Utilizing this statutory presumption, the trial court was required to make a

determination of appellant's competency to stand trial. *See* R.C. 2945.38(A).

{¶ 22} Once the issue of competency has been raised, the procedures set forth in R.C. 2945.37 and 2945.38 are required to be followed so that the question of appellant's competence to stand trial may be put to rest. Until the trial court resolves this issue by putting on an entry, there remains an issue as to whether appellant is competent to stand trial. Therefore, for the reasons stated above, we find that the trial court erred in accepting appellant's guilty plea without first determining defendant's competency in accordance with R.C. 2945.38(A). Appellant's first assignment of error is sustained.

{¶ 23} Assignment of Error No. 2:

{¶ 24} THE SENTENCE IMPOSED WAS CONTRARY TO LAW.

{¶ 25} In his second assignment of error, appellant argues the trial court erred in imposing his sentence as the court (1) improperly ordered the payment of court costs in his sentencing entry without imposing the costs at the sentencing hearing and (2) failed to give him jail-time credit. However, based on our resolution of appellant's first assignment of error, we find that we do not need to address his second assignment of error. *See* App.R. 12(A)(1)(c); *State v. Blatchford*, 12th Dist. Preble No. CA2015-12-023, 2016-Ohio-8456, ¶ 71; *State v. Scott*, 12th Dist. Warren No. CA2005-12-134, 2007-Ohio-1094, ¶ 29.

### III. CONCLUSION

{¶ 26} For the reasons stated above, judgment is reversed, appellant's guilty plea and sentence is vacated, and the matter is remanded to the trial court with instructions to determine appellant's competency in accordance with the requirements of R.C. 2945.38(A) based upon the record of the September 7, 2016 competency hearing.

M. POWELL, J., concurs.

PIPER, J., dissents.

**PIPER, J., dissenting.**

{¶ 27} The bond hearing contained no evidence, nor any suggestion, indicating appellant was incompetent. The mere fact that a subsequent competency hearing was scheduled, counsel appeared, and the trial court inquired as to how counsel wanted to proceed, does not mean a competency hearing was actually conducted. No evidence was admitted, nor any testimony taken. Since no competency hearing took place and no evidence was introduced, I further disagree that an entry needed to be journalized. Therefore, I respectfully dissent from the majority's decision and would not reverse the trial court.

### Request for O.R. Bond

{¶ 28} At the arraignment, appellant's counsel requested an O.R. bond. Attempting to sway the trial court, counsel represented that his client had medical problems, a past brain injury, and was on medication. Neither the trial court, nor anyone, raised facts suggesting appellant was incompetent. With no explanation or stated reason, the trial court, presumably in an abundance of caution, sua sponte ordered a forensic evaluation as to the appellant's competency to stand trial. No one *ever* suggested signs of incompetency existed.

{¶ 29} The majority poses the possibility that appellant's prior convictions and his counsel's statements to secure an O.R. bond meant the "court clearly had concerns" regarding appellant's incompetency. However, nothing in the record supports the effect of appellant's prior convictions and his counsel's comments upon the trial court; even if "concerns" existed it does not necessarily mean the court equated those concerns to be evidence of an "indicia of incompetency." Neither before the trial court, nor before us on appeal, does appellant claim indicia of incompetency actually existed. The majority opinion will be cited for the proposition that a trial court should consider a defendant's record and any past serious medical issues as an indication that a defendant is currently incompetent even

- 10 -

though no signs of incompetency are expressed and no suggestions of incompetency take place.

{¶ 30} There was no information produced, nor any indications whatsoever that appellant was incapable of understanding the nature and objective of the proceedings or that he was otherwise incapable of communicating with counsel to assist in his defense. R.C. 2945.37(G); *State v. Murphy*, 12th Dist. Butler No. CA2006-06-143, 2007-Ohio-4535 ¶ 28. To suggest that the trial court found there was an indication that appellant was incapable of understanding the nature and objective of the proceedings or that he was otherwise incapable of communicating with his counsel is purely an assumption.

{¶ 31} The majority equates counsel's comments to secure an O.R. bond as an indication that appellant was *currently* incompetent. However, long-standing case law clearly establishes that even if medical issues and a brain injury did exist, such are not per se indicators of legal incompetency. The majority assumes, on a sketchy and very limited record, that an order for a forensic evaluation as to competency must mean the trial court found signs of incompetency currently existed. Yet, with the transcript provided, no discussion or dialogue supports such an assumption.

{¶ 32} In ordering the evaluation, the court was merely being cautious in attempting to protect the fairness accorded appellant's proceedings. Absent evidence that an individual was presently suffering a condition that questioned the individual's competency, there was no basis for ordering a competency hearing or mental evaluation. *United States v. Manely*, 618 Fed.Appx. 276, 280 (6th Cir.2015). Similarly, there was no basis herein to order a hearing or evaluation and the failure to conduct a hearing is harmless.

**The Hearing Date**

{¶ 33} The statute requires a hearing date be scheduled so that an evaluation is filed in advance, and made available to the court and counsel beforehand. R.C. 2945.37(C). The

record demonstrates both appellant's counsel and the trial court had access to, and reviewed, the evaluation. It is undisputed the evaluation concluded appellant was competent to stand trial. Again, no one requested a hearing actually take place in order to submit the evaluation or provide testimony. With there being no indicators pointing to appellant's incompetency, "competency" was not raised as an issue. The trial court inquired of counsel how he wanted to proceed on behalf of his client. Since counsel never espoused or experienced his client's incompetency to begin with, counsel simply indicated he wanted to talk with the prosecutor about negotiating a plea. Contrary to the majority's determination, a hearing on appellant's incompetency to stand trial never came to fruition.[1]

**Appellant's Arguments on Appeal**

{¶ 34} Appellant does not argue on appeal that he was incompetent to participate in his proceedings. This is because the record does not support such a proposition. Instead, he argues that (1) he should have had a competency hearing even though no indicia of incompetency existed in the record, and no one expressed the need for an incompetency hearing to actually take place, (2) the evaluation should have been entered into evidence although it concluded appellant was competent and no hearing took place and no one offered it by way of stipulation, testimony, or otherwise, and (3) an entry journalizing the result of a competency hearing should have been filed although there was no finding generated at a hearing because a hearing never occurred.

**No Entry Needed**

{¶ 35} Since an incompetency hearing never occurred, an entry was not required. R.C. 2945.37(G). Without any indicia of incompetency, both before and after the evaluation

---

1. The majority suggests there was a "conclusion" to an incompetency hearing, yet the record does not demonstrate an opening, arguments, statements in support or against competency, nor a "conclusion" to an incompetency hearing. The majority acknowledges there was no evidence offered or received and no findings made, yet determines a hearing actually occurred. I find such a suggestion inconsistent with the record.

was received, the trial court had no obligation to sua sponte explore appellant's incompetency. *State v. Bock*, 28 Ohio St.3d 108 (1986); *State v. Murphy*, 173 Ohio App.3d 221, 2007-Ohio-4535 (12th Dist.); *United States v. Manely*, 618 Fed.Appx. 276, 280 (6th Cir.2015).

{¶ 36} The majority determines that because a hearing was scheduled and an "opportunity" to have a hearing existed, it means a hearing was actually conducted. Merely asking counsel how he wants to proceed is not a hearing. The majority and I simply disagree as to what Ohio's competency statutes and the constitutional principles of fundamental fairness require *if and when* evidence indicates incompetency exists. If and when evidence indicates an individual's incompetency is afoot, the proceedings cannot be rendered hollow with the absence of *any* evidence whatsoever. *See Cooper v. Oklahoma*, 517 U.S. 348, 116 S. Ct. 1373 (1996).

{¶ 37} However, since no need for a hearing ever existed, no one requested a hearing be conducted, and no hearing was actually conducted, an entry purporting to represent a finding made at a competency hearing would be not only unnecessary, but it would be inappropriate.[2]

### Evaluation Not Entered into Evidence

{¶ 38} Both before and after the evaluation was received, no one, nor any information, raised facts suggesting appellant was incompetent. The lack of the evaluation being admitted into evidence has little significance, particularly since the evaluation, if entered into evidence, would support the statutory presumption of competency. R.C.

---

2. The majority holds the trial court "raised" an issue as to appellant's incompetency. It merely ordered a forensic evaluation. If I were to make assumptions, as the majority does, I would assume the trial court merely wanted to make sure counsel had everything at his disposal to fully and zealously represent his client including any insights arising from a forensic evaluation. Or, I could assume by ordering an evaluation, the trial court was attempting to lay to rest any future arguments that might possibly be made indicating appellant was currently incompetent just because of a past injury, medical issues, and the use his medication.

2945.37(G). In view of the circumstances indicating no hearing actually occurred, the evaluation's absence from evidence is meaningless.

**The Lack of a Hearing**

**{¶ 39}** Depending upon the circumstances, the failure to conduct a mandatory hearing can be harmless error. Without sufficient indicia of incompetency appearing in the record, a reviewing court must rule that the failure of the trial court to hold a hearing was harmless error. *Bock*, 28 Ohio St.3d 108; *Murphy*, 2007-Ohio-4535 (acknowledging the need for a case-by-case determination as to whether or not the lack of a hearing constitutes harmless error).

**{¶ 40}** A trial court's failure to sua sponte conduct a hearing is not reversible error where it was the prosecutor who raised the issue of appellant's competency to stand trial at a pretrial hearing and appellant's own attorney was not claiming his client would meet the test for incompetency. *State v. Jordan*, 101 Ohio St.3d 216, 2004-Ohio-783. Any error sub judice in not conducting a hearing would be harmless as well.[3]

**{¶ 41}** Here, appellant points to no facts in the record to suggest he was incompetent. The mere suggestion of serious past injury or "medical issues" does not suggest incompetency to stand trial. Being psychotic, pleading insanity, or possessing mental or emotional instability is not equated with being legally incompetent to stand trial. *Murphy* at ¶ 29. Even the mentally ill can be competent to stand trial. *State v. Berry,* 72 Ohio St. 3d, 354 (1995) (where the Ohio Supreme Court rejected defendant's mid-trial incompetency claim despite a psychologist's strong feelings, the prosecutor's acknowledgment the defendant suffered mental illness, the defendant's lack of cooperation with his counsel, counsel's

---

3. The majority attributes to the dissent a suggestion that only a defendant's attorney can suggest a defendant is incompetent. Such a proposition is not found in the dissent; the "who", "how", "when" and "why" are only parts of the sum creating the circumstances to be examined. *State v. Berry*, 72 Ohio St. 3d 354,362 (1995).

opinion that his client was "sick," and the defendant's display of disruptive behavior, among other things).

**{¶ 42}** Past brain injury has been determined to be insufficient indicia of incompetency and the failure to hold a hearing was harmless. *Eley v. Bagley*, 604 F.3d 958, 966-967 (6th Cir.2010). With no indicia of incompetency and no one suggesting appellant was incompetent, the trial court's failure to conduct a hearing was harmless and the matter should not be reversed.

### Effect of Majority Opinion

**{¶ 43}** The majority decision places the trial court in an untenable position. On remand, the trial court is ordered to journalize an entry with a finding as to appellant's incompetence based on the state of the evidence as it currently exists. Despite the majority's finding that a hearing occurred, the record is undisputed that no evidence or testimony was offered and no evidence was presented at a hearing. Thus, any finding made by the trial court on remand will not be supported by evidence.

**{¶ 44}** When reviewing a trial court's determination of incompetency, we examine whether the finding was supported by competent, credible *evidence. State v. Hicks*, 43 Ohio St.3d 72 (1989); *State v. Jones*, 12th Dist. Butler No. CA96-10-210, 1997 Ohio App. LEXIS 4662 (Oct. 20, 1997). The majority determines, however, a trial court needs no evidence at a competency hearing because of the statutory presumption.

**{¶ 45}** This determination, along with the remand instructions, will create a situation where the trial court's decision could not possibly be based on *evidence* because no testimony was taken and no exhibits were admitted into evidence. The majority establishes precedent that the competency statutes do not require a trial court to have evidence. Yet, if the issue of incompetency has been sufficiently raised, as the majority apparently believes, the statutes require the admission of evidence for the court to make a finding at the

- 15 -

conclusion of the hearing. R.C. 2945.37 et seq.

{¶ 46}  Furthermore, if sufficient indicators of incompetency do exist, the use of a presumption alone cannot clear constitutional hurdles. *Cooper v. Oklahoma*, 517 U.S. 348, 355, 116 S.Ct. 1373 (1996).  The United States Supreme Court stated,

> Our conclusion that the presumption of competence offends no recognized principle of "fundamental fairness" rested in part on the fact that the procedural rule affects the outcome only in a narrow class of cases where the evidence is in equipoise; that is, where the evidence that a defendant is competent is as strong as the evidence that he is incompetent.

*Cooper* at 335, quoting *Medina v California*, 505 U.S. 437, 449, 112 S.Ct. 2572, (1992).  In other words, the presumption of competency is only to be used when the balancing scales need to be tipped.

{¶ 47}  The United States Supreme Court recognized that the use of a presumption must be in tandem with other evidence before the court.  Use of a presumption alone without any exhibits or testimony, "offends" the fundamental fairness of competency proceedings. *Id*. Additionally, the standard for reviewing a trial court's finding as to competency upon appeal is if some competent, credible evidence exists in support of the trial court's finding.  If only a presumption supports the trial court's findings, the standard of review can never be met.  The majority fails to explain the conundrum its decision creates.

**Conclusion**

{¶ 48}  None of appellant's arguments require reversal and his plea should not be vacated.  It is unfair to the trial court that we permit appellant to surreptitiously litigate issues on appeal that he did not litigate below.  However, if the majority is reversing the trial court to journalize an entry representing a finding made at the conclusion of a competency hearing, the majority should also require a hearing take place so that evidence can be submitted, acting as the basis for any future finding.  The trial court must receive evidence to support

any finding it might make.  To require an entry unsupported by evidence is to require a vain act on the part of the trial court, which is something an appellate court should refrain from doing.

{¶ 49} As examined on a case-by-case basis, specific to the facts, and given there were no indications of incompetency from any source, at any stage of the proceedings, I would affirm the trial court and not penalize it for attempting to insure a heightened level of fairness in its proceedings.  While the trial court may now regret its effort to ensure fair play and fair process for appellant, the trial court's conduct should not be used to create unnecessary judicial actions upon remand or dilute Ohio's competency statutes of their purpose and constitutional protections.

{¶ 50} With the circumstances being understood as they actually unfolded, I would overrule appellant's first assignment of error as being without merit and proceed to address the merits of appellant's second assignment of error.  Therefore, I respectfully dissent.