[Cite as *State v. Thompson*, 2021-Ohio-2632.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA 2020-11-115 |
| Appellee, | : | O P I N I O N<br>8/2/2021 |
|  | : |  |
| - vs - | : |  |
|  | : |  |
| CODY N. THOMPSON, | : |  |
| Appellant. | : |  |

CRIMINAL APPEAL FROM BUTLER COUNTY AREA I COURT
Case No. CRB2000439A&B

Michael T. Gmoser, Butler County Prosecuting Attorney, and Stephen M. Wagner, for appellee.

Mark W. Raines, for appellant.

**M. POWELL, P.J.**

{¶ 1}   Appellant, Cody Thompson, appeals his conviction in the Butler County Area I Court for criminal trespass and menacing by stalking.  For the reasons set forth below, we reverse appellant's conviction and remand the matter for further proceedings.

{¶ 2}   In June 2020, appellant was charged with criminal trespass and menacing by stalking.  Appellant filed a plea of not guilty by reason of insanity and a motion to determine

competency to stand trial. The trial court ordered a forensic evaluation for competency (R.C. 2945.371) and sanity (R.C. 2945.39). Appellant was not cooperative with the evaluator; as a result, the initial evaluation was inconclusive regarding appellant's competency to stand trial. The evaluator further stated she was unable to complete the sanity evaluation requested by the court. On August 13, 2020, the trial court journalized an entry finding appellant incompetent to stand trial and ordering him to undergo 20 days of treatment at the Summit Behavioral Healthcare Center ("Summit Behavioral") pursuant to R.C. 2945.38.

{¶ 3} On September 3, 2020, a forensic evaluation from Summit Behavioral was filed in the trial court, indicating that appellant was "currently COMPETENT to stand trial." The report was ostensibly admitted as a joint exhibit on September 10, 2020, as follows[1]:

> DEFENSE ATTORNEY: We would ask the Court to accept the exhibit. We'll mark it Joint Exhibit No. 1 from the Summit Behavioral.
>
> TRIAL COURT: All right. Obviously, we are all in agreement?
>
> PROSECUTOR: Yes, Your Honor.
>
> TRIAL COURT: Okay. Now, with that being said, [defense attorney], how are we proceeding?
>
> DEFENSE ATTORNEY: We are going to ask the Court to set it for trial on October the 1st.
>
> TRIAL COURT: Okay. October 1st, bench trial. Not guilty on the A [menacing by stalking] and B [criminal trespass] charge?
>
> DEFENSE ATTORNEY: Yes.

{¶ 4} The trial court did not rule on appellant's competency to stand trial during the September 10, 2020 hearing. Furthermore, the trial court did not issue an entry finding

---

1. Following the admission of the joint exhibit, the parties briefly discussed the issue of bond, the trial court set a bond on both charges, and the hearing concluded.

appellant competent to stand trial. A bench trial was held on October 1, 2020. Appellant was found guilty on both charges.

{¶ 5} Appellant appeals, raising five assignments of error. Because we find that appellant's fifth assignment of error is dispositive of the case, we address it first.

{¶ 6} Assignment of Error No. 5:

{¶ 7} THE TRIAL COURT ERRED IN PROCEEDING TO TRIAL WITHOUT RULING ON WHETHER OR NOT APPELLANT WAS COMPETENT TO STAND TRIAL.

{¶ 8} Appellant argues that the trial court violated R.C. 2945.38 by proceeding to trial without first determining whether appellant was competent to stand trial. Specifically, appellant argues that the trial court failed to conduct a hearing to determine whether appellant had been restored to competency and failed to make a finding that appellant was competent to stand trial before conducting the bench trial.

{¶ 9} Fundamental principles of due process require that a criminal defendant who is not competent to stand trial may not be tried and convicted. *State v. Braden,* 98 Ohio St.3d 354, 2003-Ohio-1325, ¶ 114. A defendant is presumed to be competent unless it is demonstrated by a preponderance of the evidence that he is incapable of understanding the nature and objective of the proceedings against him or of presently assisting in his defense. R.C. 2945.37(G); *State v. Murphy*, 173 Ohio App.3d 221, 2007-Ohio-4535, ¶ 28 (12th Dist.).

{¶ 10} R.C. 2945.37 requires a trial court to conduct a competency hearing if the issue of a defendant's competency is raised prior to trial. R.C. 2945.37(B). If the trial court finds "by a preponderance of the evidence that, because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense, the court shall find the defendant incompetent to stand trial and shall enter an order authorized by [R.C.]

- 3 -

2945.38." R.C. 2945.37(G).

{¶ 11} R.C. 2945.38 governs the disposition of a defendant after an initial determination that the defendant is not competent to stand trial and sets forth the procedures for treatment and evaluation orders. As pertinent to this appeal, R.C. 2945.38(H) provides that

> If a defendant is committed pursuant to division (B)(1) of this section [for treatment to restore competency], *** within thirty days after being advised by the treating physician or examiner that the defendant is competent to stand trial, whichever is the earliest, the *court shall conduct another hearing to determine if the defendant is competent to stand trial and shall do* whichever of *the following* is applicable:
>
> *(1) If the court finds that the defendant is competent to stand trial*, the defendant shall be proceeded against as provided by law.

(Emphasis added.) In applying R.C. 2945.38(H), the Eighth District Court of Appeals has held that, once a defendant is declared incompetent and after the trial court has received notice that the defendant is competent to stand trial, the trial court must comply with R.C. 2945.38, hold another hearing, and specifically find that competency has been restored prior to proceeding to trial. *State v. McGrath*, 8th Dist. Cuyahoga No. 91261, 2009-Ohio-1361, ¶ 19, citing *State v. Jackson*, 8th Dist. Cuyahoga No. 82652, 2004-Ohio-3474, ¶ 13.

{¶ 12} In *McGrath*, the defendant was initially found incompetent to stand trial and was ordered to undergo treatment for competency restoration. During a subsequent change of plea hearing, the trial court accepted the defendant's guilty plea to menacing by stalking. The defendant challenged his conviction, arguing that the trial court erred in accepting his change of plea without first determining whether his competency had been restored. The Eighth District Court of Appeals found that the trial court

> failed to address the findings of the second competency evaluation at the change of plea hearing or make the report part of the record. Additionally, the parties did not stipulate to the

- 4 -

examiner's report. The docket contains no judgment entry reflecting that the trial court found that competency had been restored, let alone that the issue had been heard. Indeed, apart from the trial judge's single reference at the plea hearing that McGrath had been "interviewed" after his initial incompetency determination and "they said he's fine," the record is silent on the issue of his competency being restored.

*McGrath* at ¶ 21. The court of appeals then held, "given the dictates of R.C. 2945.38 and our holding in *Jackson*, we find that the trial court erred by accepting McGrath's change of plea without first holding a hearing on his competency and specifically finding that competency had been restored." *Id.* The court of appeals vacated the defendant's guilty plea and remanded the case for further proceedings.

{¶ 13} This court recently reversed a criminal conviction on the ground that a trial court had failed to determine the defendant's competency to stand trial before accepting his guilty plea. *State v. Whitling*, 12th Dist. Butler No. CA2016-10-202, 2018-Ohio-1360. *Whitling* involved an initial competency hearing under R.C. 2945.37. During the brief hearing, the trial court referred to a competency report (it was not admitted into evidence) and stated on the record that the defendant was competent to stand trial. Despite the trial court's explicit finding on the record that the defendant was competent, this court held that the trial court's failure to memorialize the competency finding in a journal entry was reversible error:

> We are troubled, however, by the trial court's failure to make a determination of appellant's competency to stand trial prior to the court accepting appellant's guilty plea. R.C. 2945.38(A) provides that after a competency hearing has been held, "the defendant shall be proceeded against as provided by law" only if the trial court "*finds that the defendant is competent to stand trial.*" (Emphasis added.) The fact that the trial court stated at the competency hearing, "He [appellant] is competent to stand trial" is insufficient, as it is well-established that "a court speaks only through its journal entries." *State v. Marcum*, 12th Dist. Butler Nos. CA2005-10-431 and CA2005-10-446, 2006-Ohio-2514, ¶ 5, citing *State v. Mincy*, 2 Ohio St.3d 6, 8 (1982). Here, the trial court failed to issue an entry finding appellant competent

to stand trial. As such, appellant's competence to stand trial remained an outstanding issue that precluded the trial court from making a reliable determination of the appellant's ability to enter a knowing, intelligent, and voluntary plea.

*Whitling* at ¶ 17.

{¶ 14} Finding that the trial court erred in accepting the defendant's guilty plea without first determining his competency, this court reversed the trial court's judgment, vacated the defendant's guilty plea and sentence, and remanded the matter to the trial court with instructions to determine the defendant's competency based upon the record of the competency hearing. *Id.* at ¶ 22, 26.

{¶ 15} Following the initial inconclusive evaluation, the trial court found appellant to be incompetent to stand trial and ordered him to undergo treatment at Summit Behavioral. On September 3, 2020, a forensic evaluation from Summit Behavioral was filed in the trial court, indicating that appellant was competent to stand trial. A week later, a document from Summit Behavioral was admitted as a joint exhibit during the September 10, 2020 hearing. The parties did not indicate what the document was, its date, or its contents. It is presumed to be the forensic evaluation filed by Summit Behavioral on September 3, 2020, and indicating that appellant was competent.

{¶ 16} During the September 10, 2020 hearing, the parties did not discuss or stipulate to the findings of the forensic evaluation. Neither appellant nor defense counsel stipulated to a finding of competency. Contrary to the state's assertion, the fact that the parties offered the forensic evaluation as a joint exhibit is *not* a stipulation by appellant that he was competent to stand trial. Rather, admitting the forensic evaluation as a joint exhibit merely dispensed with the necessity of calling the examining psychologist as a witness. There is no stipulation in the record that appellant was competent to stand trial.

{¶ 17} During the hearing, the trial court did not address or state the findings of the

forensic evaluation. Furthermore, the trial court did not state on the record that appellant was competent to stand trial. Thereafter, the trial court did not journalize an entry finding that appellant was competent to stand trial. When the parties offered the forensic evaluation as a joint exhibit, the trial court only stated, "[W]e are all in agreement[.]" The statement is ambiguous in that it just as likely refers to an agreement to dispense with the testimony of the examining psychologist or an agreement that appellant was competent to stand trial. We refuse to construe the lone statement as the trial court accepting the findings of the forensic evaluation or finding that appellant was competent to stand trial. We will not speculate or guess about the import of this ambiguous record.

{¶ 18} Likewise, we decline to construe the fact that the trial court proceeded to trial as an indication that the court found appellant competent to stand trial. Holding that proceeding to trial is a substitute for the mandatory finding of competency to stand trial would improperly relieve the trial court of its statutory mandate to determine a defendant's competency to stand trial, would improperly presume that a defendant is competent to stand trial because he stood trial, and would render R.C. 2945.38 meaningless.

{¶ 19} R.C. 2945.38(H) plainly provides that once a trial court is advised that a defendant is competent to stand trial following treatment to restore competency, the court "shall conduct another hearing to determine if the defendant is competent to stand trial." Furthermore, "the defendant shall be proceeded against as provided by law" only if the trial court "finds that the defendant is competent to stand trial." *Id.* As this court stated in *Whitling*, "[o]nce the issue of competency has been raised, the procedures set forth in R.C. 2945.37 and 2945.38 are required to be followed so that the question of appellant's competence to stand trial may be put to rest. Until the trial court resolves this issue by putting an entry, there remains an issue as to whether appellant is competent to stand trial." *Whitling*, 2018-Ohio-1360 at ¶ 22. While the trial court specifically found appellant

- 7 -

incompetent to stand trial after the initial evaluation and consequently committed him for treatment, the court subsequently failed to make any finding that appellant's competency had been restored before proceeding to trial. As such, appellant's competence to stand trial remained an outstanding issue when the trial court conducted the bench trial. *Whitling*, 2018-Ohio-1360 at ¶ 17.

{¶ 20} In light of the foregoing, and given the dictates of R.C. 2945.38(H) and this court's holding in *Whitling*, we find that the trial court's failure to find that appellant's competency to stand trial had been restored and memorialize that finding in a journal entry is reversible error. Appellant's fifth assignment of error is sustained.

{¶ 21} Assignment of Error No. 1:

{¶ 22} THE TRIAL COURT ERRED IN ALLOWING THE TRIAL TO PROCEED WITHOUT A SPECIFIC FINDING IN THE FORENSIC EVALUATION REGARDING WHETHER APPELLANT HAD A MENTAL DEFECT AT THE TIME OF THE INCIDENTS THAT MADE APPELLANT UNABLE TO UNDERSTAND THE WRONGFULNESS OF HIS ACTIONS.

{¶ 23} Assignment of Error No. 2:

{¶ 24} THE TRIAL COURT'S FINDING OF GUILTY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS THE WEIGHT OF THE EVIDENCE PROVES APPELLANT COULD NOT HAVE KNOWINGLY ENGAGED IN THE KIND OF CONDUCT NECESSARY TO BE FOUND GUILTY UNDER 2903.211 OF THE OHIO REVISED CODE.

{¶ 25} Assignment of Error No. 3:

{¶ 26} THE TRIAL COURT ERRED IN FINDING [APPELLANT] GUILTY AS EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO PROVE [APPELLANT] CAUSED [THE VICTIM] MENTAL DISTRESS AS REQUIRED UNDER R.C. 2903.211.

{¶ 27} Assignment of Error No. 4:

{¶ 28} COUNSEL'S FAILURE TO OBJECT TO THE TRIAL COURT PROCEEDING TO TRIAL WITHOUT A FORENSIC DETERMINATION AS TO APPELLANT'S MENTAL STATE AT THE TIME OF THE INCIDENT, CONSTITUTES INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 29} In his remaining assignments of error, appellant (1) argues that the trial court erred in proceeding to trial without first determining appellant's mental condition at the time of the offenses, (2) challenges his menacing by stalking conviction, arguing the state failed to show that he acted knowingly and that the victim suffered mental distress, and (3) raises errors his attorney allegedly committed in rendering his defense. Based on our resolution of appellant's fifth assignment of error, we need not address appellant's first, second, third, and fourth assignments of error. *See* App.R. 12(A)(1)(c); *Whitling*, 2018-Ohio-1360 at ¶ 25.

{¶ 30} For the reasons stated above, judgment is reversed, appellant's conviction and sentence are vacated, and the matter is remanded to the trial court with instructions to determine whether appellant's competency to stand trial has been restored in accordance with the requirements of R.C. 2945.38(H) and for such further proceedings as are appropriate consistent with this opinion.

S. POWELL and BYRNE, JJ., concur.